BERTHA WEIDMAN *vs.* ABRAHAM WEIDMAN.

Middlesex.     May 20, 1930. — January 7, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Suit by wife against husband, Adequate remedy at
   law. *Husband and Wife. Equity Pleading and Practice*, Decree,
   Appeal. *Marriage and Divorce. Constitutional Law*, Full faith and
   credit to judgment of sister State.

A wife cannot maintain against her husband a suit in equity to compel
   him to pay to her the amount of a judgment of a court of New York
   ordering him to pay her alimony and counsel fees during the pendency
   of proceedings in that State for annulment of the marriage.
The mere fact, that the parties are married so that the wife cannot main-
   tain an action at law against the husband, gives a court of equity in
   this Commonwealth no jurisdiction of such a suit.
The Constitution of the United States, by art. 4, § 1, does not require
   a State to set up a court for the purpose of enforcing judgments of
   courts of other States when by its own system of jurisprudence and
   its judicial establishment no remedy of the kind sought is afforded
   to anybody.
Art. 4, § 1, of the Constitution of the United States, does not require the
   courts of this Commonwealth to enforce in equity at the suit of a wife
   a judgment of a court of a sister State obtained by her against her
   husband, the marital relation still subsisting, when no obligation
   of a similar nature can be enforced by a wife against her husband
   in equity under the statutes and laws here in force.
A correct decree in equity in the Superior Court will be sustained on
   appeal in this court although the ground of decision stated by the
   judge of the Superior Court was unsound.

BILL IN EQUITY, filed in the Superior Court on September
25, 1929, and described in the opinion.

The suit was heard in the Superior Court by *Lummus*, J.
Material facts found by him are stated in the opinion. By
his order, a final decree was entered dismissing the bill.
The plaintiff appealed.

In his findings and rulings, the trial judge stated:

"All the New York statutes and decisions cited herein
were admitted in evidence and brought to the attention of
the court, and the parties by their counsel agreed in open

court that at the hearing on any appeal any other statutes and decisions might be introduced and presented with the same effect as though introduced and presented before me and reported with the evidence on appeal, and so far as I have power to do so I consent thereto.

"In divorce and separation cases in New York, alimony awarded by a final judgment may be collected by sequestration proceedings under §§ 1171, 1172 of the civil practice act, or by contempt proceedings under § 1172 of the same act, but not by contempt proceedings under § 505 of that act. *Stewart* v. *Stewart,* 127 App. Div. 724, *S. C.* 111 N. Y. Supp. 734. Since the final judgment awarding alimony 'directs the payment of a sum of money,' it comes within § 504 of the civil practice act, and the 'final judgment may be enforced by execution' under that section, in addition to the other methods provided by statute, successive judgments being docketed as instalments of alimony become due. *Thayer* v. *Thayer,* 145 App. Div. 268, *S. C.* 129 N. Y. Supp. 1035. *Schafer* v. *Schafer,* 193 N. Y. Supp. 43, *S. C.* 118 Misc. 254. *Bailey* v. *Bailey,* 196 N. Y. Supp. 340, *S. C.* 119 Misc. 433.

"'A claim for alimony, based upon a temporary order in the action, cannot be made the basis for the recovery of a judgment in an independent action. For the same reasons it cannot be the subject of an award against an estate by decree in a special proceeding in the Surrogate's Court. All proceedings to compel the payment of alimony *pendente lite* must be taken in the action in which the order for alimony was granted'; that is, by sequestration or contempt proceedings under §§ 1169, 1171, 1172, of the civil practice act. *In re Hudes' Estate,* 219 N. Y. Supp. 485, *S. C.* 128 Misc. 362, and cases cited. No execution can be issued for alimony *pendente lite,* under § 1520 of the civil practice act or otherwise. *Weingarten* v. *Weingarten,* 233 N. Y. Supp. 268, *S. C.* 133 Misc. 681. The same rule undoubtedly applies to alimony *pendente lite* granted to the wife in an action against her for nullity of marriage, and her only remedy is by contempt proceedings under § 753 of the judiciary act, which relates to the enforcement of orders as distinguished

from judgments. *Sutton* v. *Sutton*, 145 App. Div. 845, *S. C.* 130 N. Y. Supp. 368. It seems clear that the New York court had no right to award judgment and execution on August 14, 1929.

"There is nothing in the objections (1) that a judgment or decree for alimony is necessarily wanting in finality, so as to constitute an insufficient foundation for proceedings in another State, (2) that the judgment of August 14, 1929, being rendered prior to the determination of the main issue in the case, was wanting in finality, and (3) that there is in this Commonwealth no equity jurisdiction of a suit by a wife against her husband to collect alimony under a judgment of another State. . . . There is no remedy at law (*Golder* v. *Golder*, 235 Mass. 261) and the right would be lost unless equity may take jurisdiction. *Richards* v. *Richards*, 270 Mass. 113.

"But the want of jurisdiction of the Supreme Court of New York to enter the judgment of August 14, 1929, is a conclusive objection to the maintenance of this suit. The full faith and credit clause of the Federal Constitution (art. 4, § 1) does not require any State to enforce a judgment void for want of jurisdiction. . . ."

The case was submitted on briefs.

*F. Juggins & M. Morrill*, for the plaintiff.

*H. I. Klarfeld & S. Abrams*, for the defendant.

Rugg, C.J. The allegations of the bill in effect are that the plaintiff, now a resident of the State of New York, and the defendant, now a resident of this Commonwealth, were married in Poland, where they lived together as husband and wife, as well as in Austria and Germany; that the defendant subsequently deserted the plaintiff and took up his residence in the State of New York, where he instituted a proceeding in the Supreme Court for the annulment of their marriage; that in 1928 in that court, on motion of the plaintiff (the defendant in that proceeding), order was entered that the defendant (the plaintiff in that proceeding) pay to the present plaintiff alimony *pendente lite* and attorneys' fees; that in 1929 in that proceeding judgment was entered in favor of the plaintiff (the de-

fendant in that proceeding) against the defendant (the plaintiff in that proceeding) for a specified sum representing counsel fees and alimony due the plaintiff, and that such judgment remains in no part satisfied. The main prayer is that the defendant be ordered to pay to the plaintiff the amount now due on that judgment.

The answer of the defendant set up certain defences to the merits, and further averred that by the allegations of her bill the plaintiff is still the wife of the defendant; that no decree of nullity or dissolution of the marriage between them has been entered, and that under the law of this Commonwealth, in view of those allegations, the bill cannot be maintained.

The matter thus set out in the answer was proper for demurrer, *Baker* v. *Langley,* 247 Mass. 127, 132, or plea, *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110, *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 507, or it might with like effect be set up in the answer. *Russell* v. *Loring,* 3 Allen, 121, 125, 126. Equity Rule 9 (1926).

The defendant and the plaintiff are husband and wife according to the averments of the bill. The obligation disclosed by the allegations of the bill on which the suit is founded is the judgment of a court of a sister State. The scope and purpose of that judgment is solely the payment of money. It was settled by *Purdon* v. *Blinn,* 192 Mass. 387, 389, after an exhaustive review of our authorities, that a decree for alimony for a gross sum established an obligation that " is plainly in the nature of a debt, and for most purposes it can fairly be called a debt." Commonly, action by a court ordering the payment of alimony is termed a decree. It is alleged in this bill to be a judgment. While a decree for alimony is not always accurately describable as a debt, *Williamson* v. *Williamson,* 246 Mass. 270, 273, it seems clear that the allegations of the present bill set forth an obligation constituting a debt of record. *Wells* v. *Wells,* 209 Mass. 282, 288. *McIlroy* v. *McIlroy,* 208 Mass. 458, 464, 465. *Dorey* v. *Dorey,* 248 Mass. 359, 361. *Shepherd* v. *Shepherd,* 196 Mass. 179, 182.

No subject of equity jurisdiction is set forth in the bill.

No ground for relief peculiar to equity as distinguished from law is alleged in the pleadings. The design of the bill is to collect the sum of money established as due to the plaintiff by the judgment of the New York court and nothing more. The ordinary means for collecting a judgment debt is by action at law. There can be no resort to equity to that end save where special equitable relief, such as a creditor's bill, is sought outside bald collection. *Rioux* v. *Cronin,* 222 Mass. 131, 137, 139. A complete and adequate remedy is afforded by an action at law. Jurisdiction in equity exists over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and to establish other conflicting rights concerning property. *Gahm* v. *Gahm,* 243 Mass. 374, 376, and cases there cited. *Fitcher* v. *Griffiths,* 216 Mass. 174. *Lombard* v. *Morse,* 155 Mass. 136, 140, 141. *Young* v. *Young,* 251 Mass. 218, 221. *Powell* v. *Powell,* 260 Mass. 505. *Cram* v. *Cram,* 262 Mass. 509.

The statutes of this Commonwealth enlarging the rights of married women and narrowing their legal limitations do not in general authorize actions or suits between husband and wife. But for the fact that the parties to the present suit are husband and wife, the natural remedy for the wrong alleged in the bill would be an action at law to recover the money said to be due to the plaintiff. Such an action at law cannot be maintained between husband and wife. *Golder* v. *Golder,* 235 Mass. 261. That mere circumstance is not ground for relief in equity. It is provided by G. L. c. 209, § 6, that a " married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife." That is the general rule. It is only by establishing some special ground for equitable relief, such as those enumerated in *Gahm* v. *Gahm,* 243 Mass. 374, at page 376, that an exception to that general rule can be recognized. *Barbour* v. *Sampson,* 266 Mass. 180. *Druker* v. *Druker,* 268 Mass. 334. *Atkins* v. *Atkins,* 195 Mass.

124. The averments of the present bill do not bring the case within any exception to the general rule. As already stated, the only legal obligation to be gathered from the allegations of the bill is a judgment debt, and the only relief sought is the collection of that judgment debt by payment through the pressure of legal process.

If the substance on which the New York judgment rests be examined, the plaintiff is in no better position. That judgment was founded on alimony and attorneys' fees. The power of the courts of this Commonwealth to grant alimony and attorneys' fees is purely statutory. It does not fall under any branch of jurisdiction in equity. Relief of such nature can be afforded only as an incident to proceedings for divorce. It cannot be allowed by independent suit in equity. *Parker* v. *Parker,* 211 Mass. 139, and cases cited. .

It follows that, because the parties hereto are husband and wife and no grounds for a suit in equity or for equitable relief are set out in the bill, the suit cannot be maintained.

The point here raised and now decided was left open in *Page* v. *Page,* 189 Mass. 85, at page 92, in these words: " It is unnecessary to consider whether, if the decree [for alimony] be regarded as final, a bill in equity can be sustained. It would then be simply a decree for money, and notwithstanding some dicta in our own cases and some decisions elsewhere, an action at law would seem at least to be a plain, adequate and complete remedy." There is nothing inconsistent with this conclusion in *White* v. *White,* 233 Mass. 39. A narrow point was reported for the decision of this court in that case, and no question of jurisdiction in equity over suits between husband and wife was raised or determined. The decision in *Richards* v. *Richards,* 270 Mass. 113, is not at variance. By that suit there was sought the specific performance of a somewhat comprehensive contract, valid in the foreign jurisdiction where it was made, covering by its terms factors other than the mere payment of money, and

although between husband and wife it was held to rest upon the equitable jurisdiction permissible between spouses as outlined in *Gahm* v. *Gahm,* 243 Mass. 374, at page 376. The principle of that decision does not cover the facts of the case at bar.

It is elementary and fundamental that the courts of this Commonwealth are bound to give full faith and credit to a valid judgment rendered by the courts of any of the other States of the Union. Const. U. S., art. 4, § 1. That is not here denied in any particular. It is simply decided in the case at bar that the plaintiff has sought a remedy in the courts of this Commonwealth which, under the laws, they are not competent to afford. The Constitution of the United States, by art. 4, § 1, does not require a State to set up a court for the purpose of enforcing judgments of courts of other States when by its own system of jurisprudence and its judicial establishment no remedy of the kind sought is afforded to anybody. It was stated as the ground of decision in *Anglo-American Provision Co.* v. *Davis Provision Co. No. 1,* 191 U. S. 373, at page 374: "If the plaintiff can find a court into which it has a right to come, then the effect of the judgment is fixed by the Constitution and the act in pursuance of it which Congress has passed. Rev. Stat. § 905. But the Constitution does not require the State to provide such a court." It was said in *Kenney* v. *Supreme Lodge of the World, Loyal Order of Moose,* 252 U. S. 411, at page 414: "no doubt there is truth in the proposition that the Constitution does not require the State to furnish a court. But it is also true that there are limits to the power of exclusion." These decisions are accepted in their complete extent. It seems to us that it cannot be within the sweep of art. 4, § 1, of the Federal Constitution that the courts of this Commonwealth are bound to enforce in equity at the suit of a wife a judgment of a court of a sister State obtained by her against her husband, the marital relation still subsisting, when no obligation of a similar nature can be enforced by a wife against her husband in equity under the statutes and laws

here in force.   The want of jurisdiction of the courts of this Commonwealth to entertain in equity the suit at bar does not depend upon the nature of the cause of action or upon the character or fact of the judgment; the want of jurisdiction depends upon two quite different matters, namely: the incapacity, formulated by our laws, of a husband and wife to become adversary parties in our courts to litigation for the simple collection of such an obligation, and the further fact that relief is sought in equity for the enforcement of an obligation which under our law can be enforced only by an action at law.   The forum which the plaintiff has sought is not available to her under the general principles of law as administered in this Commonwealth.

Consequently, the decree dismissing the bill was right. The reason leading the trial judge to that result is immaterial.   A correct decision will be sustained even though the ground stated for it may be unsound.   *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 512.   *Boston Morris Plan Co.* v. *Barrett*, 272 Mass. 487, 491.

*Decree affirmed.*