OLD COLONY TRUST COMPANY & another, trustees, *vs.* MURIEL FRANCES WOLFMAN & others.

Suffolk.    May 19, 1941. — May 29, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, & RONAN, JJ.

*Guardian*, Ad litem, Of minor. *Probate Court*, Contest of will. *Will*, Contest. *Devise and Legacy*, Revocation if beneficiary contests.

A contest of a will conducted by a guardian ad litem appointed by a Probate Court to represent a minor named as beneficiary in the will was by G. L. (Ter. Ed.) c. 201, § 34, "conclusive upon" the minor and, under a provision in the will in substance that one contesting its probate should not take thereunder, barred the minor from its benefits.

The mere fact, that a beneficiary under a will contested it and thus under its provisions was barred from taking thereunder, did not preclude his possible issue from taking under provisions for their benefit where it appeared that no guardian ad litem for them had been appointed before the will was allowed.

PETITION, filed in the Probate Court for the county of Suffolk by the trustees under the will of Nathan Wolfman, late of Boston, on August 29, 1940, for instructions.

The case was heard by *Mahoney*, J., upon the pleadings and an agreed statement of facts. It appeared that a guardian ad litem appointed by the court for the minor Muriel F. Wolfman formally accepted the appointment; that she testified at the hearing on the contest of the will; that the will was allowed "after hearing and argument" on May 2,

1939; that on March 16, 1940, Muriel Frances Wolfman attained her majority; and that on September 16, 1940, the Probate Court appointed Randolph H. Wilkinson guardian ad litem for possible issue of Muriel Frances Wolfman.

The final decree was "that the petitioners be and they are hereby instructed that the respondent, Muriel Frances Wolfman, by contesting the validity of the will of said Nathan Wolfman has forfeited any right she may have had to receive any benefits under said will, that Article Third of said will [containing the provisions for Muriel F. Wolfman and her issue described in the opinion] is revoked and avoided and that the petitioners are to pay over and distribute to the executors of the will of said Nathan Wolfman all property, both principal and interest, now held by them as such trustees, to be added to and disposed of by said executors as a part of the residue of the estate of said Nathan Wolfman." Muriel F. Wolfman and Randolph H. Wilkinson, guardian ad litem, appealed.

*V. V. R. Booth*, stated the case.

*J. L. Yesley*, (*A. B. Lourie* with him,) for Muriel Frances Wolfman.

*R. H. Wilkinson*, guardian ad litem, pro se.

*W. Powers*, (*J. B. Dolan* with him,) for Abraham M. Wolfman and another.

LUMMUS, J. On March 6, 1938, the testator, Nathan Wolfman, died in Boston, leaving a will by which he gave the residue of his estate to trustees to accumulate the net income of one eighth thereof until his minor daughter Muriel Frances Wolfman, his only child, should arrive at the age of twenty-one years, and then to pay her the accumulated income, and thereafter to pay the net income to her and after her death to her issue until the end of twenty years after her death. At that time the trust was to terminate, and the trust fund was to be paid to her surviving issue.

The testator provided: — "If any beneficiary of this will shall contest or dispute the probate thereof or seek to maintain before any judicial body that this is not my will, or

call into question before any tribunal the validity of any legacy given or any of the provisions hereof, then I absolutely revoke whatever provision I have made in this will for the benefit of such person and declare the same void and of no effect and that all property which would have been covered by such provisions shall be added to and disposed of as a part of my residuary estate."

Prior to the coming of age of Muriel Frances Wolfman, the Probate Court appointed a guardian ad. litem for her, and he filed an appearance for her against the allowance of the will. But, after hearing, the will was allowed on May 2, 1939, and evidently there was no appeal. Upon a petition by the trustees for instructions, the Probate Court decreed that the respondent, Muriel Frances Wolfman, by contesting the validity of the will of said Nathan Wolfman, has forfeited any right she may have to receive any benefits under said will, and that the provisions of said will relative to the taking by said Muriel of income of one eighth of the residuary estate, hereinbefore described, are void, and that said one eighth is to be paid to the executors. Muriel Frances Wolfman, and the guardian ad litem for her possible issue, appealed.

There was no need of an acceptance of his appointment on the part of the guardian ad litem of Muriel Frances Wolfman. His acting for her amounted to an acceptance. His action was "conclusive upon" her (G. L. [Ter. Ed.] c. 201, § 34), and conclusive that she contested the will. A provision forfeiting the interest of a beneficiary who contests a will is valid. *Rudd* v. *Searles*, 262 Mass. 490. *Maguire* v. *Bliss*, 304 Mass. 12.

No guardian ad litem for the possible issue of Muriel Frances Wolfman having been appointed prior to the allowance of the will, they cannot be said to have contested the will. The forfeiture provision affected Muriel's interest, but not theirs. A result in harmony with ours was reached in *Cross* v. *French*, 118 N. J. Eq. 85, 89; *S. C.* 119 N. J. Eq. 563, 564.

The final decree is to be modified to conform to this opinion, and as modified is to be affirmed. Costs and expenses

as between solicitor and client are to be in the discretion of the Probate Court.

*Decree accordingly.*