WILLIAM D. TURNER & others, executors, *vs.* ALLAN
FORBES & others, trustees, & others.

Suffolk.    March 2, 1943. — May 29, 1943.

Present: QUA, DOLAN, COX, & RONAN, JJ.

*Equity Jurisdiction*, Bill of review.

The soundness of this court's conclusions of law in a decision in a suit in
equity cannot be challenged by a subsequent bill seeking review of a
final decree entered in accordance with the rescript.

BILL OF REVIEW, filed in the Supreme Judicial Court for
the county of Suffolk on August 3, 1942.

The case was heard by *Lummus*, J.

*W. D. Turner*, for Turner and others, executors.

*R. G. Dodge*, for Forbes and others, trustees.

*J. G. Palfrey*, (*H. O. Cushman* with him,) for Humphreys,
executor.

QUA, J.    This is a bill of review by the executors of the
will of Benjamin P. Cheney, the younger of that name,
against the trustees under the will of Benjamin P. Cheney
the elder, the surviving executor of the will of Elizabeth S.
Cheney, widow of Benjamin P. Cheney the elder, and the
trustees under the will of Mary Cheney Davis to have
"corrected and vacated," in part, the decree entered by the
single justice of this court after the rescript of the full court
which followed the decision in *Forbes* v. *Snow*, 245 Mass. 85.
See also *Forbes* v. *Snow*, 239 Mass. 138.    In the present
proceeding the single justice sustained demurrers and dis-
missed the bill.

The case of *Forbes* v. *Snow*, review of which is now sought,
was ended by final decree after rescript on October 23, 1923,
nearly nineteen years before this bill of review was filed.
The parties to this proceeding are all in direct privity with
the parties in *Forbes* v. *Snow*, as indeed it would seem they
must be in order to be proper parties to a bill of review.

*Sheaff* v. *Spindler*, 339 Ill. 540, 551. *Swift* v. *Parmenter*, 22 Fed. (2d) 142, 147. The bill of review shows that the interest of the trustee in bankruptcy of Cheney the younger, the trustee being the successful plaintiff in the original suit, has now passed by purchase to the estate of Elizabeth S. Cheney. No newly discovered evidence is suggested. No new situation rendering the decree inequitable comparable to that found in *Sawyer* v. *Davis*, 136 Mass. 239, 245–247, and in *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, has arisen since the entry of the decree. All the rights of Cheney the younger in the estate of his father to which the bill of review refers were open for determination and were determined in the original suit. The bill of review alleges that the decree in the original suit was in accordance with the rescript. In short, the sole basis of this bill of review is that this court made errors of law apparent on the record in its decision in *Forbes* v. *Snow*, 245 Mass. 85.

No court is infallible, but litigation must end somewhere, and when a court of last resort, in the course of appellate procedure, has rendered its decision, the soundness of its conclusions of law resting upon the record before it cannot be challenged by bill of review. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 162–165. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 285. *Handy* v. *Miner*, 265 Mass. 226, 228. *Boston* v. *Santosuosso*, 308 Mass. 189, 194–196. Compare *Mulrey* v. *Carberry*, 204 Mass. 378.

An argument has been based upon the fact, alleged in the bill of review, that Cheney the younger in his lifetime and after the former decision attempted to exercise the power of appointment given to him in his father's will, and that the appointees named by him were not parties to the original suit and never had their day in court. These facts are immaterial. They do not create a new condition arising after the former decree and altering the equities of the parties. This situation was anticipated and covered by the former decision. It was there held that the power of Cheney the younger to appoint for the benefit of any but his creditors had become extinguished (245 Mass. at page

92). Moreover, the appointees are not parties to the present bill, and they are bound by the former decree, since a guardian ad litem was appointed to represent all persons not then ascertained or in being. G. L. (Ter. Ed.) c. 201, § 34. See *Old Colony Trust Co.* v. *Wolfman,* 311 Mass. 614.

It becomes unnecessary to discuss laches as a further ground of demurrer.

In nothing here said or left unsaid is there the slightest implication that there was error in any respect in the opinion or the decision in *Forbes* v. *Snow,* 245 Mass. 85. That is a leading case on the effect upon a so called power appendant of the bankruptcy of the donee of the power. See Am. Law Inst. Restatement: Property, § 325 and comment.

*Decree affirmed.*