BENJAMIN CHARNEY *vs.* BESSIE CHARNEY.

Middlesex.     December 8, 1943. — June 27, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction,* Suit between husband and wife. *Conflict of Laws. Husband and Wife. Contract,* Validity, By husband and wife. *Equity Pleading and Practice,* Bill of review, Decree.

A contract for separate support made directly between husband and wife in New York while they were domiciled there was valid under the law of New York and consequently was valid in this Commonwealth, but it was enforceable here only to the extent permitted by the procedure here.

A wife could not maintain in this Commonwealth a suit in equity against her husband merely to enforce his indebtedness to her for payments in arrears under a valid separate support contract between them.

Upon a bill of review of a suit in equity in which the final decree should have dismissed the bill instead of granting relief to the plaintiff therein, this court ordered a decree permanently restraining the defendant in review, the original plaintiff, from enforcing or attempting to enforce the final decree so obtained in the original suit.

BILL OF REVIEW, filed in the Superior Court on July 21, 1943.

The case was heard by *Hanify,* J.

In this court the case was argued at the bar in December, 1943, before *Field,* C.J., *Donahue, Lummus, Qua & Cox,* JJ., and after the retirement of *Donahue & Cox,* JJ., was submitted on briefs to *Dolan, Ronan, Wilkins, & Spalding,* JJ.

*R. W. Frost,* (*F. R. Breath* with him,) for the plaintiff in review.

*L. Makepeace*, for the defendant in review, submitted a brief.

LUMMUS, J. The parties are husband and wife. On March 14, 1936, while domiciled in New York, they entered in that State into a written separation agreement, by which the husband agreed to pay his wife $10 a week for her support during her life. Though the parties contracted with each other directly, without the intervention of a trustee (*Terkelsen* v. *Peterson*, 216 Mass. 531; *Schillander* v. *Schillander*, 307 Mass. 96; *Johnson–Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 422), the agreement was valid and enforceable at law and in equity under the law of New York. New York Domestic Relations Law (14 Consolidated Laws of New York Annotated) § 51, as amended by Laws of 1941, c. 13, § 1. *Winter* v. *Winter*, 191 N. Y. 462. *Garlock* v. *Garlock*, 279 N. Y. 337. *Goldman* v. *Goldman*, 282 N. Y. 296. *Kyff* v. *Kyff*, 286 N. Y. 71. *Schmelzel* v. *Schmelzel*, 287 N. Y. 21. *Matter of Rhinelander*, 290 N. Y. 31. *Richards* v. *Richards*, 270 Mass. 113, 119–122. *Whitney* v. *Whitney*, *ante*, 367.

In 1942, the husband, then domiciled in Massachusetts, was in arrears in his agreed payments. The wife, still a resident of New York, brought on March 5, 1943, in the Superior Court in Middlesex County, a bill in equity to recover the amount due. The husband demurred to the bill for want of equity, for illegality and conflict with public policy, and because of the adequacy of a remedy at law. His demurrer was overruled on May 7, 1943. He was then permitted to answer (Rule 28 of the Superior Court [1932]), and raised the same points in his answer. After hearing the merits, a judge ordered a decree in favor of the plaintiff wife, with costs. A final decree was entered accordingly on June 18, 1943.

On July 21, 1943, the husband filed in the Superior Court the present bill of review. Plainly it is one for the correction of errors of law apparent on the record. *Nelson* v. *Bailey*, 303 Mass. 522, 524. *Turner* v. *Forbes*, 314 Mass. 120. The bill of review was heard by another judge, who ordered the final decree modified and as modified affirmed.

On October 18, 1943, a final decree upon the bill of review was entered accordingly. The husband, the plaintiff in review, appealed. His contention is that the earlier final decree should have been vacated and the earlier bill dismissed.

Since the defendant wife has not raised the question by pleading or otherwise, we pass by the question whether the bill of review should have been filed within the twenty days allowed by G. L. (Ter. Ed.) c. 214, § 19, for appeal from the final decree. That question has never been decided in this Commonwealth. See *Nelson* v. *Bailey,* 303 Mass. 522, 525; *Amherst College* v. *Allen,* 165 Mass. 178, 179; *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 161; *Lewis* v. *National Shawmut Bank,* 303 Mass. 187; *Boston* v. *Santosuosso,* 308 Mass. 189, 194–196; *Boston* v. *Santosuosso,* 308 Mass. 202, 211; *Theberge* v. *Howe,* 314 Mass. 22; *Turner* v. *Forbes,* 314 Mass. 120; 19 Am. Jur., Equity, § 444; G. L. (Ter. Ed.) c. 250, § 5.

The separation agreement, made in New York between residents of that State, and valid there, was valid everywhere. *Polson* v. *Stewart,* 167 Mass. 211. *Richards* v. *Richards,* 270 Mass. 113, 122. *Whitney* v. *Whitney, ante,* 367. Am. Law Inst. Restatement: Conflict of Laws, § 332. Beale, Conflict of Laws (1935) §§ 332.4, 332.29. The Massachusetts rule that in the absence of permissive statute a contract between husband and wife is void has no application. But though there existed in favor of the wife a valid obligation recognized everywhere, she could enforce it in this Commonwealth only to the extent permitted by our procedure. *Klefbeck* v. *Dous,* 302 Mass. 383, 384, and cases cited.

As a general rule, legal proceedings between husband and wife are not permitted in this Commonwealth. *Lubowitz* v. *Taines,* 293 Mass. 39. *Zwick* v. *Goldberg,* 304 Mass. 66. The statute allowing a married woman to sue and be sued provides that it "shall not authorize suits between husband and wife." G. L. (Ter. Ed.) c. 209, § 6. But without the aid of any statute suits in equity between husband and wife have long been entertained in this Commonwealth where

there exists some recognized ground of general equity jurisdiction or some controversy over property rights, as distinguished from a mere debt or contractual obligation. *Frankel* v. *Frankel*, 173 Mass. 214. *Fitcher* v. *Griffiths*, 216 Mass. 174, 176. *Gahm* v. *Gahm*, 243 Mass. 374, 376. *Moreau* v. *Moreau*, 250 Mass. 110, 113. *Young* v. *Young*, 251 Mass. 218. *Powell* v. *Powell*, 260 Mass. 505. *Druker* v. *Druker*, 268 Mass. 334, 338. *Gibbons* v. *Gibbons*, 296 Mass. 89, 91. *Novick* v. *Novick*, 299 Mass. 15. *MacKenzie* v. *MacKenzie*, 306 Mass. 291, 292. *Levy* v. *Levy*, 309 Mass. 486, 491. *Smith* v. *Smith*, 313 Mass. 687, 693. See also *Ricker* v. *Ricker*, 248 Mass. 549.

Where as in this case there is no right of an equitable nature and no controversy over property, the mere fact that there exists in favor of the wife against her husband a valid obligation which she cannot enforce in this Commonwealth in an action at law, gives her no right to sue him in equity to collect what in its nature is merely a debt. That was decided in *Giles* v. *Giles*, 279 Mass. 284, *S. C.* 293 Mass. 495 (see also *Zwick* v. *Goldberg*, 304 Mass. 66, 71; *Lariviere* v. *Lariviere*, 304 Mass. 627, 628), where the contract was valid because it antedated the marriage of the contracting parties. It was decided also in *Weidman* v. *Weidman*, 274 Mass. 118, where a wife sought unsuccessfully to enforce in this Commonwealth by bill in equity a valid judgment for support rendered in New York against her husband. The cases of *White* v. *White*, 233 Mass. 39, and *Richards* v. *Richards*, 270 Mass. 113, were distinguished in the *Weidman* case.

The *Weidman* case, though modified in an aspect here immaterial by St. 1933, c. 237, § 1 (G. L. [Ter. Ed.] c. 215, § 6), remains law with respect to the proposition stated in the preceding paragraph. *Blumenthal* v. *Blumenthal*, 303 Mass. 275. Under the doctrine of the *Giles*, *Weidman* and *Blumenthal* cases, the original bill in equity in the present controversy should have been dismissed. The final decree upon the bill of review is reversed, and a new final decree is to be entered upon the bill of review, permanently restraining the defendant wife from enforcing or attempting to

enforce the final decree entered upon the original bill in equity.  See *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 399, 400, and cases cited.

*So ordered.*