JESSIE M. PRAHL *vs.* THEODORE PRAHL.

Suffolk.    February 5, 1957. — February 28, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Probate Court*, Equity jurisdiction, Separate support proceeding. *Husband and Wife*, Contract obligation. *Equity Jurisdiction*, Husband and wife.

The general equity jurisdiction of Massachusetts courts does not extend to the enforcement of a claim by a wife against her husband for the payment of money due under a valid contract made directly between them in another State.  [484, 485]

A Probate Court in a separate support proceeding by a wife against her husband had no jurisdiction under G. L. (Ter. Ed.) c. 209, § 33; c. 208, § 33, as appearing in St. 1936, c. 221, § 1, to entertain as a purported incident of such proceeding a petition by her against him to enforce a claim, not cognizable in Massachusetts under the general equity jurisdiction, for the payment of money due under a valid separation contract made directly between them in another State.  [485]

PETITION for separate support filed in the Probate Court for the county of Suffolk on June 2, 1954.

A petition in equity described in the opinion was filed on February 23, 1955. A plea to the jurisdiction in connection with the petition in equity was heard and sustained, and

that petition dismissed, by *Keville*, J. The petitioner appealed.

*John F. Lombard*, (*Lyman L. Flanders* with him,) for the petitioner.

*Sumner S. Fanger*, for the respondent.

COUNIHAN, J. The petitioner is the wife of the respondent. By this petition she seeks to have determined and to collect the amount due her under the terms of a separation agreement between them made in Connecticut in 1951 when the parties were domiciled there. The petition was filed incidental to a petition for separate support in the Probate Court by the wife against her husband. A judge of that court sustained a plea to the jurisdiction, and dismissed the petition, and the petitioner appeals. There was no error.

It is agreed by the parties that the Connecticut agreement was valid despite the fact that it was directly entered into by a husband and wife. Conn. Gen. Sts. (1949) § 7307. *Ginsberg* v. *Ginsberg*, 126 Conn. 146. It is conceded that a contract, valid where made, is valid in this Commonwealth, but that is not decisive of this case.

The question presented by this appeal is whether the Probate Court has jurisdiction in equity of a suit by a wife against her husband for the payment of money due under the contract between them. We are of opinion that no such jurisdiction exists. But for the fact that the petitioner is the wife of the respondent she would have an adequate remedy at law to collect on the agreement. The circumstance that the husband-wife relationship prevents an action at law is no ground for relief in equity. G. L. (Ter. Ed.) c. 209, § 6. See *Weidman* v. *Weidman*, 274 Mass. 118, 122; *Giles* v. *Giles*, 279 Mass. 284, 287. This case differs from *Ricker* v. *Ricker*, 248 Mass. 549, where a divorce had terminated the marital relationship at the time of the suit, and from *Polson* v. *Stewart*, 167 Mass. 211, where the suit was brought by a wife's administrator after her death.

There is nothing in *MacLennan* v. *MacLennan*, 311 Mass. 709, relied upon by the petitioner, which helps her. That case only held that the Probate Court has jurisdiction to

determine the interest of the parties in certain property rights in proceedings ancillary to a divorce libel. However the Superior Court, sitting in equity, could also have entertained such a suit independent of the pendency of any divorce libel. *Yurkanis* v. *Yurkanis,* 321 Mass. 375, 380. *Ramsey* v. *Ramsey, ante,* 379.

The petitioner could not create a valid cause of action where none existed by tacking it onto her separate support petition. Our divorce statute, G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1,[1] is incorporated by reference in G. L. (Ter. Ed.) c. 209, § 32, providing for separate support proceedings, by § 33 of c. 209. It is plain therefore that a cause of action brought ancillary to divorce or separate support proceedings must be one cognizable in equity. The present petition is not such a cause of action. Our courts therefore are without equitable jurisdiction to hear a claim for the collection of a money obligation by one spouse against the other. See *Blumenthal* v. *Blumenthal,* 303 Mass. 275, 276.

We think that the case at bar is governed by *Charney* v. *Charney,* 316 Mass. 580, wherein it is said at page 583, "Where as in this case there is no right of an equitable nature and no controversy over property, the mere fact that there exists in favor of the wife against her husband a valid obligation which she cannot enforce in this Commonwealth in an action at law, gives her no right to sue him in equity to collect what in its nature is merely a debt."

*Richards* v. *Richards,* 270 Mass. 113, 122, also relied upon by the petitioner, was distinguished in the *Charney* case, *supra.* General Laws (Ter. Ed.) c. 215, § 6, as amended, which confers general equity jurisdiction on Probate Courts,

---

[1] "The court may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceedings in ecclesiastical courts or in courts of equity, and may issue process of attachment and execution and all other proper and necessary processes. In such proceedings the court shall have jurisdiction in equity of all causes cognizable under the general principles of equity jurisprudence, arising between husband and wife, such jurisdiction to be exercised in accordance with the usual course of practice in equity proceedings."

affords the petitioner no relief because no foreign judgment was here involved, the enforcement of which is specially provided for in the Probate Court by that section.

*Decree dismissing petition affirmed.*