RUTH G. ADAMS vs. WILLIAM A. ADAMS.

Hampden.    March 3, 1959. — April 6, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Husband and Wife,* Foreign judgment, Separate support. *Divorce,* Foreign divorce. *Judgment. Jurisdiction,* Foreign judgment. *Superior Court,* Jurisdiction. *Constitutional Law,* Full faith and credit. *Evidence,* Admissions and confessions. *Law or Fact. Practice, Civil,* New trial, Judgment ordered in Supreme Judicial Court.

A wife cannot maintain an action against her husband in the Superior Court upon a foreign judgment for support; the right given by St. 1933, c. 237, amending G. L. c. 215, § 6, to enforce such a foreign judgment against a husband who is a resident or inhabitant of Massachusetts may be exercised solely in a Probate Court. [780]

Testimony by a woman seeking to enforce by an action in the Superior Court a foreign judgment for arrears under a separate support decree entered against the defendant at a time when he was married to the plaintiff, that "her marital status . . . [had] not changed at all" since the separate support decree was entered, that "she was not divorced," and that "she . . . [had] not gone through any ceremony of marriage" since her marriage to the defendant did not in the circumstances constitute a binding admission that she was the defendant's wife so as to preclude her from proving that the parties were validly divorced and therefore that she was entitled to maintain the action in the Superior Court; the marital status of the parties was a question of law. [780–781]

Where it appeared, in a Superior Court action in Massachusetts by a woman to enforce a New York judgment for arrears due under a decree for separate support entered there against the defendant at a time when he was married to the plaintiff, that after the separate support decree and before the judgment for arrears the defendant brought in Illinois a proceeding for divorce from the plaintiff in which no personal service was made on her in Illinois and she did not appear or participate and a decree of divorce was granted to the defendant, but that the trial judge in the Superior Court did not determine either that the defendant had acquired a bona fide domicil in Illinois when he instituted the divorce proceeding and that the divorce decree was valid so that the plaintiff as no longer his wife could maintain her action in the Superior Court, or that the divorce was invalid so that her sole forum as still his wife was the Probate Court, this court deemed it not an appropriate occasion under G. L. c. 231, § 124, to determine the validity of

the Illinois divorce and remanded the case to the Superior Court for further proceedings. [781]

By reason of the full faith and credit clause of the Federal Constitution a woman might enforce in a Massachusetts court having jurisdiction against a man residing here a New York judgment for arrears due her under a decree for separate support rendered against the defendant as her husband in a proceeding instituted in New York while both parties were domiciled there, even though shortly after the separate support decree and many years before the judgment for arrears the defendant had obtained in Illinois a valid divorce from the plaintiff in a divorce proceeding in which no personal service was made on her there and she did not appear or participate: the Illinois court, although having jurisdiction to dissolve the marital status of the parties, had no jurisdiction over the plaintiff personally or power to interfere with her right to support under the prior New York decree, and, under the doctrine of divisible divorce obtaining in New York, its support decree was not affected, nor the judgment for arrears precluded, by the divorce. [782]

CONTRACT. Writ in the Superior Court dated June 29, 1954.

The action was heard by *Macaulay, J.*

The case was submitted on briefs.

*Thomas F. Moriarty & S. Thomas Martinelli,* for the plaintiff.

*Hugh J. Corcoran & Richard S. Milstein,* for the defendant.

SPALDING, J.  This is an action on a foreign judgment. The case was heard by a judge of the Superior Court who made findings of fact and ruled that the action could not be maintained in the Superior Court. He ordered judgment for the defendant. The plaintiff excepted to the findings and rulings of the judge, to his implied denial, by failure to act, of several requests for rulings, and to the order for judgment.

· Findings and rulings of the judge here material are these. The plaintiff and the defendant were married in Maryland on June 16, 1919. Thereafter they lived together in Brooklyn, New York, until December 18, 1927, at which time they separated. Since then they have not lived together. Each claimed that the other was a deserter. There were two children born of the marriage. Late in December, 1927, the plaintiff instituted proceedings in the Supreme Court

for Kings County, New York, for a separation from bed
and board. Process was personally served on the defend-
ant in New York on December 30, 1927, and the defendant
appeared and answered. The case came on for trial on
December 17, 1929, but the defendant was not present. On
December 23, 1929, the court entered a decree adjudging
that the plaintiff "be separated from the bed and board of
the defendant" by reason of his abandonment of the plain-
tiff, his cruel and inhuman treatment of her, and his neglect
and refusal to provide for her. The decree awarded custody
of the two children to the plaintiff and ordered the defend-
ant to pay to the plaintiff the sum of $50 per week for the
support of the plaintiff and the support and education of
the two children. There was little or no compliance with
this decree on the defendant's part with respect to the pay-
ments ordered.

During the pendency of the separation proceedings in
New York the defendant, after living for a time in Cin-
cinnati, Ohio, "took up residence" in Chicago, Illinois, and
lived there continuously from December, 1928, until 1931.
"Having established a residence in Illinois for more than a
year as required by Illinois law, the defendant on January 29,
1930, brought a 'bill for divorce' in the Superior Court of
Cook County." (It will be noted that this was about one
month after the entry of the separation decree in New
York.) In his bill the defendant (plaintiff there) sought a
divorce upon the ground of desertion for more than two
years. The plaintiff (defendant there) was served with
process in New York but not in Illinois. Although there
was some conflict in the evidence, the judge found that she
did not appear or participate in the Illinois proceeding either
personally or by counsel. When the case came on for hearing
on March 18, 1930, the plaintiff (defendant there) was
defaulted and the court, after hearing the defendant (plain-
tiff there) and his witnesses, entered a decree granting him
a divorce on the ground of desertion. Custody of the two
children was awarded to the wife and a support order for the
children in the amount of $20 a week was made. Since the

Illinois divorce the defendant has married three times, two of the marriages having ended in divorce.

On August 31, 1953, the plaintiff brought a proceeding in New York to recover "for arrears" due under the New York separation decree of December 23, 1929. At that time the defendant resided in South Hadley in this Commonwealth. The order to show cause issued by the court directed that service could be made on the defendant by registered mail. Accordingly counsel for the plaintiff sent by registered mail several letters to the defendant at his address in South Hadley containing the citation, petition and accompanying affidavits, but they were returned by the postal authorities marked "refused." The defendant was never personally served with process. Judgment was entered by default against the defendant in the sum of $28,100. It is this judgment which is the subject of the present action.

After finding the foregoing facts, the judge ruled that the action could not be maintained in the Superior Court by reason of the decision of this court in *Weidman* v. *Weidman,* 274 Mass. 118.[1] The judge recognized that following the decision in the *Weidman* case the Legislature enacted St. 1933, c. 237, amending G. L. c. 215, § 6. He ruled, however, that while the 1933 amendment authorizes proceedings in equity to enforce foreign judgments for support of a wife or a wife and minor children, jurisdiction to do so is granted exclusively to the Probate Courts. He ruled that inasmuch as the plaintiff has brought her action on the basis that she remains the defendant's wife or "seemingly in the capacity of a wife" she is barred from maintaining this action in the Superior Court by reason of G. L. c. 209, § 6, as construed in the *Weidman* case. Hence the judge deemed it unnecessary to determine the validity of the Illinois divorce and whether, if it was valid, the plaintiff could prevail under the divisible divorce doctrine enunciated in *Estin* v. *Estin,* 334 U. S. 541. In connection with this ruling he said, "Inas-

---

[1] That case held that by reason of G. L. c. 209, § 6, which prohibits suits between husband and wife, a wife could not maintain a suit in the Superior Court against her husband based on a New York judgment for support and counsel fees.

much as there is a likelihood that the Probate Court, which has jurisdiction in equity to enforce the provisions of foreign judgments, may be petitioned in a later proceeding to enforce the foreign judgment involved in this case as the result of the present decision, no rulings on the validity of the divorce are made."

The ruling of the judge that if the parties are still husband and wife the present action could not be maintained in the Superior Court was right. This ruling was required by G. L. c. 209, § 6,[1] as construed in *Weidman* v. *Weidman*, 274 Mass. 118. And, as the judge ruled, the plaintiff is not aided by St. 1933, c. 237. The purpose of that statute was to enable a wife to enforce in this Commonwealth a foreign judgment for support against her husband, provided he resides or is an inhabitant here. To that extent G. L. c. 209 § 6, was modified. But the 1933 statute makes it plain that the right to enforce such a foreign judgment must be exercised solely in the Probate Court. That statute was an amendment to G. L. c. 215, § 6, which deals exclusively with the equity jurisdiction of Probate Courts.

The plaintiff contends that the judge erred in ruling that the plaintiff's action rests solely on the theory that she remains the defendant's wife. This contention must be sustained. We are of opinion that the plaintiff did not conclusively take the position that the relationship of the parties was that of husband and wife. The plaintiff's declaration does not contain any averment touching the marital status of the parties. It is true that at one point in the hearing the plaintiff testified that "her marital status has not changed at all since the decree in 1927 (*sic*) went into effect; that she was not divorced; [and] that she has not gone through any ceremony of marriage since 1919." But this statement did not constitute a binding admission or position as to her status; that was a question of law. See *Tritsch* v. *Ayer Tanning Co. Inc.* 316 Mass. 598, 602–603;

---

[1] This section reads: "A married woman may sue and be sued in the same manner as if she were sole; *but this section shall not authorize suits between husband and wife*" (emphasis supplied).

*Maxwell-Davis, Inc.* v. *Hooper,* 317 Mass. 149; *Gow* v. *Buckminster Hotel, Inc.* 336 Mass. 606, 608. The statement was at most no more than an expression of her personal belief as to her status. That the plaintiff did not bind herself on the question of her status is made clear by requests for rulings.[1] These requests reveal. that the plaintiff, far from founding her case on the continued existence of the marital relationship, recognized that the Illinois divorce may have dissolved the marital relationship to the extent necessary to avoid the effect of G. L. c. 209, § 6.

The jurisdiction of the Superior Court hinges upon the validity of the Illinois divorce, for if the plaintiff and the defendant were not husband and wife, by reason of a valid Illinois divorce, the provisions of G. L. c. 209, § 6, would not apply, and the plaintiff could maintain her action in the Superior Court. If, on the other hand, the Illinois decree was invalid, then the plaintiff could proceed only in the Probate Court. The judge, therefore, ought to have determined the question of the validity of the Illinois decree and the plaintiff's exception to his ruling refusing to do so must be sustained.

The parties invoke the provisions of G. L. c. 231, § 124, and urge this court to make the determination. However, we are not in as good a position to decide this question as is the trial judge, involving as it does a question of fact on the issue of domicil, and we think the case is not an appropriate one for a determination here under § 124.

Since the defendant's divorce in Illinois was not based on personal service upon the plaintiff and since she, according to the findings of the judge, did not appear there, it would be entitled to full faith and credit here, if, but only

---

[1] Her requests include the following: "7. Under the law of New York the plaintiff's 1953 judgment against the defendant is valid, even though he may have, subsequent to the original judicial separation in 1929, obtained a valid Illinois divorce, providing the plaintiff here was neither served with process for that divorce within the State of Illinois nor filed an appearance in that action. . . . 8. If the Cook County, Illinois, divorce is considered valid by the court, the full faith and credit clause of the United States Constitution requires this court to enforce the New York judgment, even though it may be repugnant to Massachusetts law."

if, the defendant had acquired a bona fide domicil there. *Williams.* v. *North Carolina,* 317 U. S. 287. *Esenwein* v. *Commonwealth,* 325 U. S. 279. *Rice* v. *Rice,* 336 U. S. 674. Compare *Sherrer* v. *Sherrer,* 334 U. S. 343, and *Coe* v. *Coe,* 334 U. S. 378.

The defendant takes the position that the Illinois divorce was valid and since it put an end to the husband and wife relationship the plaintiff cannot enforce the New York judgment in *any* court here. In support of this position the defendant relies on *Rosa* v. *Rosa,* 296 Mass. 271, which holds that a wife cannot maintain proceedings for separate support here where a valid divorce, both parties participating, had been decreed in another State. But that case is not applicable here. We are dealing here with a New York judgment which, if valid, must be enforced in this Commonwealth even if under our laws a similar judgment might not have been rendered. *Amato* v. *Amato,* 244 Mass. 349, 351, and cases cited. See Restatement: Conflict of Laws, § 446. It is plain under New York law, where the doctrine of divisible divorce obtains, that the Illinois decree, even if valid, would not preclude the rendering of the judgment which is the subject of this action. *Estin* v. *Estin,* 296 N. Y. 308. There it was held that a divorce granted to a husband in Nevada, based on his bona fide domicil there, against a wife, not domiciled in that State, who was not served with process there and who did not appear in that proceeding, was ineffectual to cancel the support provision of a prior New York judgment of separation. The court conceded that full faith and credit must be given to the Nevada decree in so far as it affected the marital status of the parties, but since the Nevada court lacked jurisdiction of the person of the wife it was without power to interfere with her right to support under a New York judgment. This decision was affirmed by the Supreme Court of the United States, 334 U. S. 541. To the same effect is *Kreiger* v. *Kreiger,* 334 U. S. 555. Compare *Lynn* v. *Lynn,* 302 N. Y. 193. It is clear, therefore, that the doctrine of *Rosa* v. *Rosa,* 296 Mass. 271, would have no effect on the judgment here involved. No

contention is made by the defendant that, apart from the possible application of the doctrine of *Rosa* v. *Rosa*, there was any infirmity in the New York judgment.

The plaintiff's exceptions are sustained and the case is remanded for further proceedings in conformity with this opinion. Whether the case is to be decided upon the evidence already presented, or by taking further evidence, is left to the discretion of the trial judge.

*So ordered.*