LINDA GREENLEAF GLICK *vs.* RICHARD S. GREENLEAF.

Norfolk. March 18, 1980. — April 17, 1980.

Present: HALE, C.J., PERRETTA, & NOLAN, JJ.

*Probate Court,* Jurisdiction. *Jurisdiction,* Probate Court.

An action brought in a Probate Court by the daughter of divorced parents to enforce a provision of their separation agreement was an action in contract which was not cognizable under the general or statutory equity jurisdiction of the Probate Court and, hence, should have been dismissed. [608]

CIVIL ACTION commenced in the Probate Court for the county of Norfolk on January 31, 1978.

The case was heard by *Wagner, J.*

*Alexander H. Pratt, Jr.* (*Kimball E. C. Hull* with him) for the defendant.

*Matthew H. Feinberg* for the plaintiff.

NOLAN, J. The plaintiff has brought this action against her father in a Probate Court. From the judge's findings of fact, we learn that the defendant and Jean Bruce Greenleaf, the plaintiff's mother, were divorced on December 21, 1966, in Connecticut. A separation agreement, the material portion of which is set forth in the margin,[1] was executed

---

[1]5. "The Husband, at the present time, has a vested interest in the Morris Alper & Sons, Inc. Profit Sharing Retirement Plan and Trust in the

by Jean Bruce Greenleaf and the defendant and incorporat-
ed into the judgment of divorce. At the time of the divorce,
the defendant was employed by Morris Alper & Sons, Inc.,
which maintained a profit sharing retirement plan and trust
in which the defendant was a participant. The defendant
left Morris Alper & Sons, Inc., on or about December 21,
1966. Despite demands made on the defendant to make
payments under clause 5(c) of the separation agreement, he
failed to do so. On April 22, 1974, the defendant authorized
the withdrawal of $18,570.41, his total share, from the prof-
it sharing retirement plan and trust. With this amount he
purchased a retirement deferred pension annuity contract
from Metropolitan Life Insurance Company, designating
his attorney, Frank Mongillo of Connecticut, the primary
revocable beneficiary. The plaintiff and her brother, the
defendant's son, are named contingent revocable benefici-
aries. The annuity is assignable and it can be surrendered

---

amount of $18,570.41. Upon the entry of a decree of divorce, the hus-
band shall forthwith execute any and all instruments or documents neces-
sary to effectuate the following in regard to the Morris Alper & Sons, Inc.
Profit Sharing Retirement Plan and Trust:

(a) A waiver of any right of assignment, alienation, sale, hypothecation
or surrender of his interests to the extent of $18,570.41 in said fund except-
ing upon the express written consent of his wife, Jean Bruce Greenleaf.

(b) An election to receive upon retirement that portion of the fund to the
extent of $18,570.41 as an annuity waiving any right to accept a lump sum
payment except on the written consent of his wife, Jean Bruce Greenleaf.

(c) To provide that upon his death or his severance from the Profit
Sharing Retirement Plan and Trust prior to his death that his death bene-
fits or severance benefits to the extent of $18,570.41 shall be paid to Frank
Mongillo, Esquire, 185 Church Street, New Haven, Connecticut, or his
successors as Trustee for the benefit of Jean Bruce Greenleaf to pay to her
in weekly installments the amount equal to the amount of alimony received
by her per week at the time of the death of Richard S. Greenleaf or an
amount equal to the last weekly payment made prior to the death of Rich-
ard S. Greenleaf so long as she shall live and is unmarried. Upon her
death or upon her remarriage, said Trustee is to pay the balance of said
fund to Richard Bruce Greenleaf and Linda Greenleaf Hayden, share and
share alike, free of any and all trusts. In the event that either Richard
Bruce Greenleaf or Linda Greenleaf Hayden predeceases Jean Bruce
Greenleaf, then in that event said child's share shall go to its issue per
stirpes the same to be theirs absolutely and forever."

for its cash value at any time. Jean Bruce Greenleaf died on September 14, 1976.

From a judgment for the plaintiff in the amount of $9,285.20, which is precisely one half the amount transferred from the profit sharing retirement plan and trust, the defendant appeals. He argues that the judge erred in his construction of the separation agreement and in denying the defendant's motion to dismiss on the ground that the Probate Court lacked jurisdiction of the subject matter. We agree with the defendant's jurisdictional contention and hence we do not reach his grievance about the judge's exegesis of the agreement.

The plaintiff seeks to recover money due her under a contract in writing. This classically calls for an action at law. The Probate Court has no jurisdiction of actions at law. See *Prahl* v. *Prahl*, 335 Mass. 483, 484 (1957). The plaintiff's invocation of G. L. c. 215, § 6, is misplaced. See *Charney* v. *Charney*, 316 Mass. 580, 582-583 (1944). This is not an action between spouses to secure the wife's separate property (see *Gahm* v. *Gahm*, 243 Mass. 374, 376 [1923]); nor an action concerning the estate of an infant (see *Gardner* v. *Rothman*, 370 Mass. 79, 80 [1976]). This is not an action to enforce a trust. *Coffey* v. *Rady*, 267 Mass. 301, 303-304 (1929). Mongillo, named as trustee in the separation agreement, is not joined in this action. This is an unadorned action in contract which is not cognizable under the general or statutory equity jurisdiction which reposes in the Probate Court. The plaintiff's remedy at law is plain and complete as well as adequate within the meaning of G. L. c. 214, § 1A.

Accordingly, the defendant's motion to dismiss should have been allowed. The judgment is reversed and a judgment is to be entered dismissing the action.

*So ordered.*