JEROME A. BACON *vs.* DAVID PARKER & others.

Suffolk. March 28. — June 25, 1884. DEVENS & COLBURN, JJ., absent.

A. and B. entered into an oral agreement, by which A., who owned a parcel of land, was to buy an adjoining parcel at a certain price, value his own land at a sum named, and erect a warehouse on both parcels according to certain plans; and B. was to hire the same for a term of years, at a certain percentage upon the cost of the building and land, at the valuation so agreed upon. In the course of building, B. asked A. to make certain additions and alterations, and agreed to pay a certain percentage, for the term of the lease, upon the cost. The building was erected with such additions and alterations as were requested; but B. refused to accept the lease. *Held*, that the agreement to take a lease was within the statute of frauds, and that A. could not maintain an action against B. for the cost of the land bought and of the building erected less their value at the time of B.'s refusal to take the lease; and that the agreement for the additions and alterations was not a separate agreement.

B. placed upon a building in process of erection by A., of which B. had orally agreed to take a lease when completed, a sign stating that he would occupy the store upon its completion, and that the chambers were to be let. B. also offered the chambers to let to various persons; he was at the building daily,

giving directions to the workmen; he selected the gas fixtures for the building; and he caused various changes to be made in the details of the work in finishing the building. Upon the completion of the building, B. refused to take the lease, and removed his sign. *Held*, that A. could not recover of B. for use and occupation.

CONTRACT, in six counts. The first two counts were for a refusal to accept a lease of certain premises. The third, fourth, and fifth counts were for the cost of additions to and alterations in the premises; and the sixth count was for use and occupation of the same. The answer contained a general denial, and, among other defences, set up the statute of frauds. Trial in the Superior Court before *Bacon*, J., who ruled that the plaintiff could not recover upon any count of the declaration; ordered a verdict for the defendants; and reported the case for the determination of this court. The facts appear in the opinion.

*S. J. Elder*, (*W. Gaston* with him,) for the plaintiff.

*R. M. Morse, Jr.*, for the defendants.

HOLMES, J. The plaintiff owned a warehouse on Pearl Street in Boston, which was burned by the great fire. He was proceeding to rebuild on the same site, when he was approached by the defendants, and, after some negotiations, it was orally agreed that he should buy an adjoining parcel at sixteen dollars a foot, should value his own land at fifteen dollars a foot, and erect a warehouse on both parcels substantially according to certain plans; and that the defendants should hire the same for five years at eleven and a half per cent upon the cost of the building and land at the above valuation. In the course of building, the defendants asked the plaintiff to make certain additions and alterations, and agreed that they would pay eleven and a half per cent for five years upon the cost. The building was put up with such additions and alterations as were requested, but the defendants have refused to accept a lease. The plaintiff admits that the agreement to take a lease was within the statute of frauds; but contends that he can recover the cost of the land bought and the building erected at the defendant's request, less their value at the time of the defendant's refusal to take the lease.

It has been held repeatedly that, when a person pays money, renders service, or conveys property as the stipulated consideration of a contract within the statute of frauds, if the other

party refuses to perform his part, and sets up the statute, the void contract shall not be relied on as a means to accomplish a fraud, and keep what was furnished as *quid pro quo* for nothing. The fact that words were spoken in the form of a contract which did not bind the speaker and which is repudiated, is not allowed to displace or override the obligation which would otherwise arise from the receipt and retention of value on the understanding that value is to be returned. *Kidder* v. *Hunt,* 1 Pick. 328, 331. *Dix* v. *Marcy,* 116 Mass. 416. *Parker* v. *Tainter,* 123 Mass. 185.

These cases, however, do not apply when that which has been done is not the contemplated consideration of any promise, void or otherwise, but merely a step taken by one party as a means to enable him to furnish the consideration. The mode in which one party to a bargain shall enable himself to do what he has agreed to do, is no concern of the other party, and is no part of the contract. In the present case, what the defendants were to have was a five years' lease of certain land with certain structures upon it; what they were to pay was rent. If the structures had been built by trespassers, the plaintiff would still have tendered the whole consideration stipulated for, if he had tendered a lease in due time, although, of course, the supposed facts might affect the amount of rent to be paid. The cost of a part of the land and building afforded the means of estimating the rent, to be sure; but what the defendants agreed to pay for was the right to occupy the land when built upon, not the purchase or erection. That was the only thing they requested in such a sense that the law could found a promise upon their act. A request is only important when it implies a promise to pay for the thing requested. The request to purchase or build did not imply a promise to pay for doing either, because both were simply means enabling the plaintiff to furnish the defendants what they were to pay for. That they have never had, and therefore they are not bound to pay anything.

It has occurred to us that an argument for the plaintiff might be based upon the analogy of the rule laid down by Chief Justice Shaw, that when an article is made pursuant to the agreement, the agreement, although, if fully performed, it will

terminate in a sale, is a contract for labor. *Lamb* v. *Crafts*, 12 Met. 353, 356. *Goddard* v. *Binney*, 115 Mass. 450. But that rule, in the very form of its statement, is that the contract, fairly construed, contemplates and calls for the labor, and not merely the result of the labor. It does not suggest that labor not contracted for, but performed as the means of furnishing an article contracted for, can be made a cause of action ; and the contrary is decided in *Dowling* v. *McKenney*, 124 Mass. 478.

We see no ground on which it can be said that the additions and alterations are the subject matter of a separate contract. They were simply modifications of the original plan in the course of carrying it out, the cost of which was to be taken as part of the cost of building, in order to arrive at the rent to be paid under the lease. See *McMullen* v. *Riley*, 6 Gray, 500.

There was no evidence of use and occupation by the defendants.*                              *Judgment on the verdict.*

---

* The facts stated in the report, which were relied upon by the plaintiff in support of the count for use and occupation, were, that the defendants placed a sign upon the building, stating that they would occupy the building, and that chambers were to be let, and requesting applicants to apply to the defendants; that the defendants offered the chambers to let to various persons; that after January 1, 1874, the defendants were at the building daily, giving directions to the workmen; and that they selected the gas fixtures for the building, caused various changes to be made to suit the necessities of their business, and had the safe fitted up according to a plan prepared by themselves.