HATTIE A. KNEIL, administratrix, *vs.* FRANCIS S. EGLESTON, administrator.

Hampden.    Sept. 22. — Oct. 24, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

An action upon a declaration, containing a count for money lent and a count for money had and received, cannot be maintained, by the administrator of the estate of a wife, who survived her husband, against the administrator of the husband's estate, for a sum of money which he received from his wife "a few months before his death, upon his promise to return it, or a like sum, to her in a short time."

CONTRACT, in two counts, by the administratrix of the estate of Waitey Ann Noble, against the administrator *de bonis non* with the will annexed of the estate of Augustus Noble. The first count was for money lent, and the second count was for money had and received.

At the trial in the Superior Court, without a jury, it appearing upon the reading of the papers, and from the statements of counsel, that Augustus Noble and Waitey Ann Noble in their lifetime were husband and wife, and that this action was brought to recover from the husband's estate a sum of money which he received from his wife a few months before his death, upon his promise to return it, or a like sum, to her in a short time, *Rockwell*, J., without hearing any evidence, ruled that the action could not be maintained on either count of the declaration; and ordered judgment for the defendant. The plaintiff alleged exceptions.

*A. M. Copeland*, for the plaintiff.

*H. Fuller*, for the defendant.

DEVENS, J. We do not perceive how, consistently with well-settled principles, the plaintiff in this case can recover. While, by statute, the wife may make contracts in the same manner as if she were sole, no authority has been given by which husband and wife may make contracts each with the other. St. 1874, c. 184, § 1. Pub. Sts. c. 147, § 2. Their legal incapacity thus to contract remains as at common law. At law, it has been repeatedly decided in this Commonwealth that a promissory note, or any other personal contract, made between the husband and wife, is absolutely void. *Ingham* v. *White*, 4 Allen, 412. *Fowle* v. *Torrey*, 135 Mass. 87. A contract with the wife for the payment of money by the husband is a nullity, and his retention of the money is not a conversion. *Bassett* v. *Bassett*, 112 Mass. 99. Even where a wife transferred a promissory note to a third person, which had been made to her by her husband, so that the mere disability to sue arising out of the marital relation was removed, such person could not maintain the action. *Ingham* v. *White, ubi supra.*

In the case at bar, the fact that the wife survived the husband could not make that a good contract which was originally a nullity. *Butler* v. *Ives*, 139 Mass. 202, is quite distinguishable, the contract there considered being valid in its inception.

The plaintiff contends that, under her declaration, which contained two counts, one for the loan of money, and the other for money had and received, the latter permitted the court to deal with the transaction on equitable principles; and that the presiding judge erred in declining to receive evidence as to the transaction. But the presiding judge did not decline to receive evidence; he ruled, simply upon the statement of counsel, that the husband received the money sued for "a few months before his death, upon his promise to return it, or a like sum, to her in a short time." The plaintiff did not express any wish to prove any case under the second count, except as it might be sustained by proof of this statement, which was applicable to each count. By this no evidence was shown upon which any trust could have been raised in the plaintiff's favor, if a trust could properly have been dealt with under the count for money had and received.

No property of hers had passed into her husband's hands under any circumstances which would authorize any inference that it was to be held or kept as her separate property. The relation which they had established with each other was that of borrower and lender simply, and the contract they had thus assumed to make was a nullity. *Fowle* v. *Torrey, ubi supra.*

It has, indeed, been held that, where one renders service or conveys property as the stipulated consideration of a contract within the statute of frauds, if the other party refuses to perform and sets up the statute, the value of such service or property may be recovered. The obligation which would arise from the receipt or retention of value to return or pay for the same is not overridden, because the words of a form of a contract which did not bind the party repudiating it were uttered at the time. *Bacon* v. *Parker*, 137 Mass. 309. Between parties competent to contract, it is reasonable to infer that the party failing to perform that which he had agreed to do, and yet which he might lawfully do, promised that, if he availed himself of his right of rescission, he would return that which he received, and that the value received or retained by him was so received only on these terms. In *Bacon* v. *Parker*, the parties were competent to contract with each other; but the inference that, if one contract was repudiated, another must be inferred, could not arise where parties were not competent to make any contract.

*Exceptions overruled.*