## PRESCOTT H. JACKSON vs. WILLIAM H. CARSON.

Plymouth.    October 17, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Contract — Statute of Frauds — No Evidence of Delivery of Merchandise.*

In an action for work done, materials furnished, and storage, the evidence showed a contract to employ the plaintiff to build some houses, and a subsequent refusal to do so, and the purchase by the plaintiff, at the defendant's request, of lumber, in order to be ready to fulfil the plaintiff's part of the contract. There was no evidence of delivery of any part of the lumber. The plaintiff said to the defendant, that the lumber must be unloaded, and asked what he should do with it; the defendant suggested hiring a piece of land; and when the plaintiff told the defendant that he had found a lot for a certain price per month where they could store it and have room for framing it, the defendant answered that, as it would have to stay there but a short time, they had better put it there. *Held,* that the action could not be maintained.

CONTRACT, for work done, materials furnished, and storage. The answer was a general denial, and the statute of frauds. Trial in the Superior Court, before *Mason*, C. J., who ruled that upon the evidence the action could not be maintained on the pleadings, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*R. O. Harris*, for the plaintiff.

*J. J. Dowd*, for the defendant.

HOLMES, J. The plaintiff's declaration was for work done and materials furnished, and for storage. His evidence showed a contract to employ him to build some houses, and a subsequent refusal to do so. There was also evidence that, at the defendant's request, in order to be ready to fulfil his part of the contract, the plaintiff bought lumber. The mere fact of the purchase by the plaintiff as a means of performing his contract did not make the defendant answerable for the price. *Bacon* v. *Parker*, 137 Mass. 309, 311. There was no evidence that any part of the lumber was delivered to the defendant. The title did not pass to him at the moment of the purchase, and nothing happened afterwards to make it pass. It is true that, when the plaintiff said to the defendant that the lumber must be unloaded, and asked what he should do with it, the defendant suggested hiring

a piece of land, and that, when the plaintiff told him that he had found a lot for ten dollars a month where they could store the lumber and have room for framing it, the defendant answered that, as it would have to stay there but a short time, they had better put it there. But this, on the face of it, was while the parties expected to carry out their contract, and to build. Like the request to purchase lumber, it had reference to that, and did not affect the legal relations of the parties. It follows, that the defendant is not liable for materials furnished, or for the storage of those materials, *eo nomine.*

*Exceptions overruled.*