### J. MILTON LYELL, ASSIGNEE, *vs.* MARY A. WALBACH.

*Action on Account Stated—Bill of Particulars Showing Items Not necessary.*

When the person to whom goods have been sold and delivered admits that a statement thereof, not setting forth the items, rendered to him is correct, and that the sum claimed is due, an action lies to recover the same as upon an account stated.

In a suit upon an account stated, it is not necessary for the plaintiff to file a bill of particulars showing the items which constituted the account, although demanded by the defendant, nor to prove such items at the trial, since the action is upon the defendant's promise to pay the sum mentioned in the account.

*Decided December 1st, 1909.*

Appeal from the Superior Court of Baltimore City (STOCK-BRIDGE, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and THOMAS, JJ.

*J. Milton Lyell,* for the appellant.

*Leigh Bonsal* (with whom was *Edgar G. Miller* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

J. Milton Lyell, assignee for the benefit of the creditors of W. Jeff Adams, trading as W. Jeff Adams & Company, sued Mrs. Mary A. Walbach. The suit was brought in the Superior Court of Baltimore City. The declaration contained three counts. The first was for goods bargained and sold by the plaintiff's assignor, W. Jeff Adams and his partner, Henry V. Waltjen, trading as W. Jeff Adams & Co., to the defendant; the second count was for money found to be due from the defendant to the plaintiff's assignor, W. Jeff Adams and his co-partner Henry V. Waltjen, trading as W. Jeff Adams & Co., on account stated between them; and the third count was as follows: "And for that the said W. Jeff Adams and a certain Henry V. Waltjen, trading as W. Jeff Adams & Co., during and about the year 1896, 1897 and 1898, at the request of the said Mrs. Mary A. Walbach, otherwise known as Mrs. John deB. Walbach, sold and delivered to the said defendant quantities of meat, game vegatables and other goods and merchandise generally known as "Green Groceries," on account of which the said defendant made sundry payments until the amount due by her to the said firm of W. Jeff Adams & Co. upon account stated amounted on the 11th of November, 1907, and some time prior thereto, to the sum of seven hundred and eighty-four dollars and eighty-two cents ($784.82) (not including any interest thereon); that prior to said 11th day of November, 1907, the said defendant admitted to the said W. Jeff Adams and to John E. Hood, then clerk and salesman for said W. Jeff Adams & Co., the correctness of said amount of seven hundred and eighty-four dollars and eighty-two cents ($784.82), due and owing by her, as shown by said account stated, and her liability thereon, and promised to pay the same; that on or about the 11th

day of November, 1907, the said Henry V. Waltjen duly assigned to the said W. Jeff Adams all of his right, title and interest in the business of W. Jeff Adams & Co., and from and after said date the said W. Jeff Adams conducted said business in the said firm name, until he assigned the same, with all the assets thereof, to the said J. Milton Lyell, trustee, for the benefit of creditors, on or about the 28th day of May, 1908; that in the year 1908, prior to the said 28th day of May, 1908, the said defendant again admitted the said sum to be due and owing by her, and promised to pay the same upon the death of her mother, Mrs. Priscilla G. Savin; that the said Priscilla G. Savin, mother of said defendant, has since departed this life, and said defendant has been requested to pay said amount of seven hundred and eighty-four dollars and eighty-two cents ($784.82) due by her as aforesaid, but has not paid the same."

The defendant filed a demand for a bill of particulars, and in response thereto the plaintiff stated that the particulars of his claim were set forth in the third count of the declaration to which reference was made as if the claim were fully incorporated in the answer. The defendant excepted to this answer upon the ground that it did not sufficiently set forth the particulars of the plaintiff's claim, and asked the Court to compel a full and particular statement of the *items* comprising the claim of the plaintiff. Upon leave granted, the plaintiff then struck out the first count of the *narr.*, and, in answer to the motion of the defendant for a statement of the items of his claim, stated "that it is impossible for him to furnish the items comprising the sales referred to in the third, now the second count of the declaration, aggregating seven hundred and eighty-four ($784.82) and eighty-two cents, as the books of account in which said items were entered, have been mislaid and lost, and he is unable to find or secure the same; and he believes the statement of the plaintiff's claim as set forth in the third, now the second count, of the declaration to be as full and ample as he can now furnish."

The Court sustained the exceptions of the defendant, and granted the motion to compel a full and particular statement of the *items* of the claim. The plaintiff being unable for the reasons stated to comply with this order, the Court entered a judgment of *non pros.* and judgment for the defendant for costs. The plaintiff has brought this appeal.

We think the lower Court fell into error in directing a judgment for the defendant under the circumstances stated.

After the first count of the declaration had been stricken out, the action was one upon an *account stated.* "It is well settled that a bill of particulars need not follow any particular form. All that is necessary is for the bill to give in a clear and definite manner the information sought. Anything that does this, whether it be in the technical form of a bill of particulars or not, will usually suffice. This rule has been frequently applied where the suit was upon accounts, or promissory notes, or other negotiable instruments. While a bill of particulars certainly need not state more than the party furnishing it is bound to prove under his pleadings, it must be as specific as the circumstances of the case will allow, and should fully apprise the opposite party and the Court of the nature of the claim, or defence made and the nature of the evidence to be offered. 3 *Ency. Pl. & Prac.,* 531-2.

The answer of the plaintiff to the defendant's demand may, therefore, be treated as a bill of particulars, and its effect was to limit the demand and restrict the proof to the claim set forth in the third count of the declaration. *Scott v. Leary,* 34 Md. 389; *Black v. Woodrow,* 39 Md. 194; *Pelton v. Cairnes,* 103 Md. 44.

Assuming that the pleading was so general as not to give sufficient notice to the defendant of the nature of the claim and of the evidence to be offered in its support, we are of opinion that the bill of particulars filed by the plaintiff gave the defendant all the information she was entitled to. To sustain the suit the plaintiff was not required to prove the items of the account, and, therefore, he was not bound to furnish a statement of those items. An account stated is an

admission of a sum of money being due from the defendant to the plaintiff; and may be charged as a distinct cause of action. The count lies as upon an absolute acknowledgment made by the defendant to the plaintiff of a debt due from him to the plaintiff and payable at the time of the action brought. *Bullen & Leake, Precedents of Pl.,* 3rd Ed., 52.

It is stated in 1 *Chitty on Pl.,* 358, that " it is advisable in all declarations in assumpsit for the recovery of a money demand (excepting against an infant, who cannot in law state an account), to insert *a count on an account stated.* The acknowledgment by the defendant that a certain sum is due creates an implied promise to pay the amount, and it is not necessary to set forth the *subject-matter* of the original debt; nor is the amount of the sum alleged in the count to be due material; nor is it necessary in order to support this count, that the defendant's admission should relate to more than one item, or transactions or that there should have been cross-dealings, or accounts between the parties. The present rule is, that if a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, that would be evidence to support a count upon an account stated."

It is stated in *Poe on Pl. & Prac.,* Vol. 1, secs. 128-129: "Nor is it necessary to prove the items of the account, nor that the account was composed of cross-items, but only that an account was stated, for it is upon this that the defendant's implied promise rests. Nor need the nature or subject-matter of the original debt be shown, for it is upon the account and upon the promise, express or implied, to pay the amount so stated therein to be due that the right of the plaintiff to recover depends, and not upon the original debt or demand. * * * All that is necessary to be shown in order to sustain the action is the absolute, unqualified, unconditional and voluntary admission by the defendant or his agent to the plaintiff or his agent before the bringing of the suit of the existence of a specified sum of money as a present existing debt. But while this is so, it is not required that this admission should be *express;* it may be inferred and in some cases the

law will presume it—as where a merchant receives from his correspondent an account current, and does not within any reasonable time object to its correctness."

The third count of the declaration sets out with much fullness and particularity the nature and extent of the plaintiff's claim, and under the bill of particulars filed he will, as stated, be confined to this claim on the trial. That bill of particulars was, under the circumstances of the case, sufficiently definite and explicit, and contained all the information which the plaintiff ought to have been called upon to furnish. The judgment will be reversed and the case remanded.

*Judgment reversed with costs, and the case remanded for a new trial.*