[No. 26309. Department Two. April 14, 1937.]

THE NATIONAL ASSOCIATION OF CREDITORS, INC., *Appellant*, v. R. J. ULTICAN *et al.*, *Respondents.*[1]

[1]Reported in 66 P. (2d) 824.

110

*O. S. Galbreath*, for appellant.

*Karl R. Bendetson*, for respondents.

BEALS, J.—During the month of April, 1929, plaintiff's assignor, by contract of conditional sale, agreed to sell to defendants, for use in their restaurant, an instrument known as an orchestrope. The machine, not giving satisfaction, was later replaced with another of similar type, the old contract standing.

November 10, 1933, defendants were in default under the contract. At this time, the vendor was demanding that something be done, and defendants were claiming damages because of the failure of the machine to function to their satisfaction. A representative of the vendor and defendant R. J. Ultican met and arrived at an agreement, as a result of which a new contract of conditional sale was prepared and signed, whereby defendants agreed to pay five hundred dollars for the orchestrope then in their possession. Mrs. Ultican was not present at this meeting, and did not know thereof, or of the contract then signed, prior to the trial of this action October, 1935. The representative of the vendor, sometime after the signing of the second contract, wrote thereon a rider as follows:

"Seller agrees to service this machine on receipt of notice in writing that machine is out of order—during life of contract."

With this exception, and save that the second contract contained the number of the substituted orches-

trope instead of the machine first delivered, the contracts were identical.

At the time the contract was signed, Mr. Ultican paid twenty-five dollars thereon, and thereafter three payments of twenty dollars each were made. Other installments due under the contract were not paid, and the plaintiff herein, holding the contract by assignment, instituted this action, asking for judgment for the balance of the purchase price, with interest, according to the terms of the second contract. Defendants answered, admitting that Mr. Ultican signed the contract referred to in plaintiff's complaint, pleading certain payments, denying any community liability, and pleading affirmatively that the orchestrope contained latent defects and would not function; that defendants called upon the vendor to remedy these defects, which the vendor refused to do, to defendants' damage. The answer prayed for a dismissal of the action, and for defendants' costs. Plaintiff having replied to the affirmative matter in defendants' answer, the action was tried to the court, sitting without a jury, and resulted in findings in defendants' favor, followed by a judgment dismissing the action, from which judgment plaintiff has appealed.

Error is assigned upon the admission of evidence offered by respondents concerning failures of the conditional vendor to repair the orchestrope, both prior to and after the date of the second contract; upon the refusal of the trial court to enter findings of fact and conclusions of law in appellant's favor; upon the entry of findings and conclusions in respondents' favor; and upon the entry of a judgment dismissing the action.

Evidence offered by respondents as to the continued failure of the vendor to keep the orchestrope in running order was admissible as part of the con-

tinuous and interdependent relation of the parties and their dealings in connection therewith.

At the close of the trial, appellant's counsel stated that he was willing to stand on the proposition that the evidence showed an account stated between the parties, upon which appellant was entitled to recover. The trial court, in its memorandum opinion, called attention to this statement of counsel, and properly held that the evidence failed to show that appellant was entitled to recover upon such ground.

While appellant attacks the rider written by the vendor's agent upon the margin of the contract, first, as void for want of consideration, second, as not executed in accordance with the terms of the contract, and third, as conferring only a remedy which might be presented in the nature of a counterclaim, examination of the record convinces us that the rider became a binding portion of the second contract, and that, in any event, the total failure of the machine to function affords sufficient ground for the dismissal of the action.

In its amended complaint, upon which the action was tried, appellant declared upon the second conditional sale contract, not upon an account stated. An instrument which creates an original liability is not an account stated. 1 C. J. 699, § 305. Even considering the two contracts together, the second in connection with the first, the same principle would apply. Generally speaking, an account stated is an agreed balance between parties who have had previous dealings involving the payment of, or agreement to pay, money; the account to become stated including an agreement that the items thereof are correct, and that the balance struck is justly due. From such a state of facts, the law presumes a promise to pay the balance as shown on the account. An account stated determines the

amount of a debt, some previous liability having existed, and does not of itself create a primary obligation. *Steinmetz v. Grennon*, 106 Ore. 625, 212 Pac. 532. This being true, it cannot be held that the second contract constituted an account stated between the parties. *Wilson v. Waldron*, 12 Wash. 149, 40 Pac. 740.

The trial court found that the vendor failed to service the orchestrope in accordance with the provisions of the contract; that respondents made both oral and written demands upon the vendor that the machine be serviced, and that in compliance with the oral demands, vendor sent an expert mechanic to service the machine, but that it never worked satisfactorily because of an inherent defect which one of appellant's witnesses admitted lurked in the machine, which defect rendered the same useless; that respondents tendered the orchestrope to the vendor and to appellant, and kept their tender good; that the vendor warranted that the orchestrope would be fit for the particular use to which respondents intended to put the same, and warranted that the machine would be kept in working order and repair, and that both of these warranties were breached.

Appellant argues that, because by the rider above quoted the vendor agreed to service the machine on receipt of notice in writing that the machine was out of order, the oral notices which the court found respondents gave vendor cannot be considered. As the vendor complied with at least one of these oral notices by sending an expert who attempted to place the machine in running order, and never even suggested that other demands be made in writing, it cannot now be heard to say that the oral demands were insufficient. The evidence indicates that one written demand that the machine be repaired remained uncomplied with.

The trial court found, and the evidence supports the

finding, that the orchestrope was inherently defective, and that its vendor never succeeded in placing it in running order, and finally wholly failed to even attempt to make it function. Respondents tendered the machine to the vendor and to appellant, and contend that their tender has been at all times kept good.

Appellant strongly relies upon a letter written by Mrs. Ultican, in which she failed to complain of the machine and explained that they had made no payments because business was bad. This letter supports appellant's argument, but must be considered together with all of the evidence in the case. While there is some conflict in the evidence, it cannot be held that the preponderance is against the findings of the trial court, and the judgment appealed from is affirmed.

STEINERT, C. J., TOLMAN, HOLCOMB, and ROBINSON, JJ., concur.