558

Charles Conley, et al., Appellees, v. National House
Furnishing Company, Appellant.

Opinion filed November 8, 1937. Rehearing denied December 28, 1937.

CHAPMAN & MOTZ, of Alton, and MAX SIGOLOFF, of St. Louis, Missouri, for appellant; LEIGH M. KAGY, of Edwardsville, of counsel.

C. C. ELLISON, of Alton, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Charles Conley, Charlotte Conley and Irene Donovan, plaintiff appellees referred to herein as plaintiffs, instituted this action against the National House Furnishing Company herein referred to as defendant to recover a balance alleged to be due under the terms of a written lease. On a trial before the court without a jury plaintiffs recovered a judgment against defendant for $2,400, and this appeal is from that judgment.

In 1931, plaintiffs leased to defendant a store building consisting of three stories, basement and another adjoining building referred to in the lease as the "annex," for a period of one year, with an option to defendant to renew the lease from year to year. The defendant was to pay as rental a fixed per cent of the monthly sales of merchandise sold and delivered. Defendant was granted the right to install an elevator in the "annex" building, to cut a door opening in the wall between the two buildings on each of the three floors and basement and to enlarge the main entrance to the "annex" building. Defendant was to advance the costs of the improvements and repairs but was to be reimbursed by deducting the same from the monthly rentals. The total cost to plaintiffs was not to exceed $2,500.

Defendant entered into possession of the main building November, 1931, and the "annex" February, 1932. It made the door openings through the wall but did not install the elevator. The evidence shows the cost of the repairs made was $100. For the months beginning November, 1931, to and including the month of September, 1932, the defendant deducted on account of re-

pairs $2,500. For the month of September, 1932, there was a balance of $165, paid plaintiffs and the regular monthly rentals were paid thereafter until November, 1935, when defendant vacated the buildings.

Defendant's contention that plaintiffs made certain material admissions in their pleading requires a consideration of the complaint, answer and reply.

The complaint was amended at various times but the part material here, alleged the making of the lease, the entry of defendant into possession, and the provision in the lease in reference to the installation of the elevator and the repairs and the failure of the defendant to install the elevator after having made the deductions from the rentals. A copy of the lease was attached as an exhibit.

Defendant's answer denied that the repairs made by it under the lease cost less than $2,500, and alleged that it exceeded that sum and as a further defense it alleged in par. 3 that after the making of the lease and after it took possession the plaintiffs promised and agreed to make all repairs, alterations and improvements necessary to make the leased premises suitable for defendant's use, that it was not to be limited to the improvements specified in the lease and that relying upon said agreement defendant made many lasting repairs at a cost in excess of $2,500, that in January, 1932, defendant delivered to plaintiffs its written statement showing the amount advanced by defendant on account of such repairs, the total amount of merchandise sold, the rental accruing on such sales to and including December 31, 1931, and that similar statements were rendered for each of the following months to and including September, 1932, that said statements were received by plaintiffs and that they made no objection to the correctness of the same, that the plaintiffs knew the repairs were being made and that deductions were being claimed and taken by defendant and that plaintiffs did

not object to the repairs or protest the deductions, that monthly statements were made by defendant and delivered to plaintiffs for the month of October, 1932, and all subsequent months during defendant's occupancy of the buildings and that plaintiffs made no objection to the same.

Plaintiffs' reply to the matters set up by defendant as further defense is general as to each paragraph in that it is alleged that they deny each and every allegation in paragraph 3 of the defendant's further defense (this being the paragraph of the further defense which alleges the making of a subsequent agreement) denies each and every allegation of par. 4, denies they did not make any objections to the correctness of the monthly statements, denies they did not at any time prior to the filing of the complaint request or demand that the defendant pay to the plaintiffs any of the amounts deducted. Plaintiffs admitted that they received $165, for September, 1932, as being in full of the rent for that month provided that the improvements were made as provided for in the lease, admit the receipt of monthly rentals for October, 1932, and for each month thereafter during the defendant's occupancy of the building but deny that the same was received by plaintiffs without objection as to defendant's failure to install the elevator as provided for in the lease.

Defendant's further defense sets up a supplementary agreement by the terms of which defendant would be privileged to make any repairs deemed necessary to make the buildings suitable for its purposes and deduct the same from the rentals.

Defendant alleges that pursuant to that supplementary agreement it made repairs on the building, other than those provided for in the lease, and rendered statements to plaintiffs showing the deductions made for such repairs. The reply specifically denies the making of such supplementary agreement and alleges that

plaintiffs repeatedly protested against the defendant's failure to install the elevator as provided for in the lease. There was no admission in plaintiffs' reply nor did they fail to answer any allegation in defendant's answer which is to be taken as an admission by plaintiffs of any part of defendant's further defense.

Defendant offered no evidence but plaintiffs called as their witness Manuel Fihn, secretary of the defendant company. In direct examination he identified his signature on the lease, fixed the date defendant entered the premises and the date it vacated, and the amount deducted on account of repairs. His cross-examination should have been confined to the matters he was interrogated about on direct, *Combs v. Younge,* 281 Ill. App. 339, but he was permitted to testify as to the rendering of the monthly statements to plaintiffs showing deductions made for repairs other than those provided for in the lease but he did not testify and no evidence was introduced showing the making of the supplementary contract. Without evidence tending to show the making of a supplementary agreement whereby it was permitted to make repairs other than the ones called for in the lease, there was nothing to justify the deductions defendant claimed in the statements and the statements cannot be treated as account stated and creating a liability thereon.

The rule that an account which has been rendered and to which no objection has been made within a reasonable time is to be regarded as admitted by the party charged as prima facie correct, assumes that there was some indebtedness between the parties, for there can be no liability on an account stated if no liability in fact exists, and the mere presentation of a claim, although not objected to, cannot of itself create a liability. 1 Am. Jur. 282. An account stated cannot be made the instrument to create an original liability, it merely determines the amount of the debt where lia-

bility previously existed. "An account stated only determines the amount of the debt where a liability exists, and cannot be made to create a liability per se where none before existed." *Pope County State Bank v. U. G. I. Contracting Co.,* 265 Ill. App. 420.

There being no evidence of the supplementary agreement there was no basis upon which to find that there was an account stated.

The judgment of the lower court is affirmed.

*Judgment affirmed.*