IDA L. REMINGTON, executrix, *vs.* IRENE LITCHFIELD DONATI, administratrix.

Plymouth. November 9, 1949. — December 23, 1949.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Husband and Wife*, Contract. *Equity Jurisdiction*, Husband and Wife. *Bills and Notes*, Validity. *Contract*, Validity, Between husband and wife.

A suit in equity could not be maintained in this Commonwealth by the estate of a wife to enforce against the estate of her husband a promissory note given by him to her in consideration of money lent by her to him.

BILL IN EQUITY, filed in the Superior Court on September 5, 1947.

The suit was heard by *O'Connell*, J.

*W. E. Doherty, Jr.*, for the plaintiff.

No argument nor brief for the defendant.

LUMMUS, J. This is a report from a judge of the Superior Court, presenting the following facts. Samuel Adams Litchfield and Carrie A. Litchfield were husband and wife. On June 14, 1941, he gave her, in consideration of money lent by her to him, a promissory note for $2,500, payable on demand. She died early in 1946, and shortly afterwards he died. The executrix of her will brought this bill against the administratrix of his estate, under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, seeking a determination of the rights and liabilities of the parties with respect to said note and to obtain payment of the note. The judge ruled that the plaintiff could not prevail.

It is settled in this Commonwealth that a promissory note given by a husband directly to his wife, though for borrowed money, is void. *Roby* v. *Phelon*, 118 Mass. 541. *Fowle* v. *Torrey*, 135 Mass. 87. *Woodward* v. *Spurr*, 141 Mass. 283. *National Granite Bank* v. *Whicher*, 173 Mass.

517. *National Granite Bank* v. *Tyndale*, 176 Mass. 547. *Caldwell* v. *Nash*, 190 Mass. 507. The plaintiff invokes the doctrine that a suit in equity may be maintained in this Commonwealth "where there exists some recognized ground of general equity jurisdiction or some controversy over property rights, as distinguished from a mere debt or contractual obligation." *Charney* v. *Charney*, 316 Mass. 580, 582–583. *Yurkanis* v. *Yurkanis*, 321 Mass. 375, 380. Here, however, we have a mere contractual obligation. She also invites us to follow the law of other jurisdictions in which contracts between husband and wife are enforced. See *Atlantic National Bank* v. *Tavener*, 130 Mass. 407, 409.

In the comparatively recent case of *Gahm* v. *Gahm*, 243 Mass. 374, the question whether a wife could enforce against her husband's estate notes given to her by her husband for money lent came up for decision again, and it was again held that she could not. Rugg, C.J., said (pages 375–376), "A promissory note or other contract for the payment of money lent by the wife to the husband is absolutely void. . . . It makes no difference in this particular whether recovery is sought of the spouse directly or of his estate. . . . It has been said repeatedly in effect that equity affords no relief in the enforcement of such contracts. A court of chancery cannot impart validity to that which the law declares void." That case has been followed since. *Giles* v. *Giles*, 279 Mass. 284.

*Bill dismissed with costs.*