CHARLES M. BUCKLIN & another, executors, *vs.* THE NATIONAL SHAWMUT BANK OF BOSTON, executor.

Suffolk.    January 10, 1969. — February 5, 1969.

Present: SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Contract*, Between husband and wife, Validity, Account stated, Ratification. *Husband and Wife*, Contract. *Equity Jurisdiction*, Husband and wife. *Trust*, What constitutes, Between husband and wife.

A bill in equity by a wife's executors against her husband's executor to obtain repayment of a loan made by the wife to the husband from her separate estate in the 1930's was demurrable on the ground that the plaintiffs' claim was based on a contract between husband and wife which was invalid under G. L. (Ter. Ed.) c. 209, § 2, notwithstanding that § 2 was amended before the deaths of the husband and wife by St. 1963, c. 765, § 1, to authorize contracts between them. [340–341]

Where the executors of a wife and the executor of her husband, after the amendment of G. L. c. 209, § 2, by St. 1963, c. 765, § 1, authorizing contracts between husband and wife, purportedly acknowledged as a valid obligation a "debt" arising from a loan made by the wife to the

husband from her separate estate prior to such amendment of § 2, it was held that the wife's executors could not enforce payment of the loan on the gound of an "account stated" since, under the void contract between the husband and wife, there was no existing liability which could be acknowledged by the purported acknowledgment and a new cause of action could not be created thereby. [341]

A contract between husband and wife which was wholly void under G.ᴵL. (Ter. Ed.) c. 209, § 2, could not be effectively ratified by them after removal of the disability of coverture by the amendment of that section by St. 1963, c. 765, § 1. [341–342]

Before the amendment of G. L. (Ter. Ed.) c. 209, § 2, by St. 1963, c. 765, § 1, a simple contract between husband and wife for the payment of money by one to the other could not be enforced in equity unless equitable considerations were involved; and the mere fact that the husband-wife relationship precluded relief at law was not an equitable consideration. [342]

A loan of money by one spouse to the other solely in return for a promise to repay does not create a trust. [343]

BILL IN EQUITY filed in the Superior Court on November 10, 1967.

The plaintiffs appealed from an interlocutory decree sustaining a demurrer to the bill and a final decree dismissing it entered by *Kalus*, J.

*Daniel F. Featherston, Jr.*, for the plaintiffs.

*Peter S. Terris* (*Robert I. Hunneman* with him) for the defendant.

SPALDING, J. Following the sustaining of a demurrer to their original bill, the plaintiffs filed an amended bill to which the defendant also demurred. The pertinent allegations of the amended bill are these. During the 1930's Helen C. Bucklin made a loan of $27,802.47 to her husband, Walter S. Bucklin, from her separate estate. The loan was for the purpose of improving real estate owned by the husband. The husband promised to repay the loan and "until such repayment" he intended to "hold such moneys in trust" for his wife's use.

In the financial statements of the husband and wife prepared by an accountant for every year subsequent to the loan, it "was carried as a specified real money obligation" owed by the husband to the wife. The husband repaid part of the loan, so that at the time of his death he owed his

wife's estate $21,744.39. The defendant bank, which is executor of the husband's estate, during the year following his death recognized "the said debt" as a valid obligation, and represented that it would be duly paid, and the plaintiffs (executors of the wife's estate), relying on these representations, did not file a claim with respect to the debt against the husband's estate.

The attorneys who then represented the plaintiffs knew of the debt, but "for reasons unknown to the plaintiffs" neither filed a claim for its payment nor "informed the plaintiffs of any need to do so." Subsequently the attorneys informed the plaintiffs that in their opinion the debt was not "legally collectable." Shortly after one year had elapsed from the time the defendant qualified as executor, the defendant for the first time informed the plaintiffs that in the opinion of its attorneys the debt was "not legally enforceable." Thereafter the defendant, although recognizing "a real debt" owed by the husband to the wife, determined that it could not pay it.

Having been advised that "procedures existed to accomplish . . . [the debt's] collection" the plaintiffs bring this bill under G. L. c. 197, § 10, asserting that justice and equity require that they be permitted to prosecute a late claim, and that in failing to prosecute their claim seasonably they were not "chargeable with culpable neglect." They asked that a decree be entered ordering payment for the amount of the claim.

An interlocutory decree sustaining the demurrer and a final decree dismissing the bill were entered. From both decrees the plaintiffs appealed. Among the grounds assigned in the demurrer are that the bill does not state a case for relief and is grounded on a contract between husband and wife, which by reason of G. L. c. 209, § 2, was invalid. Since we are of opinion that the demurrer was rightly sustained on these grounds, we need not consider the others.

The defendant's contention that the contract was invalid is based on G. L. c. 209, § 2, which, at the time the loan was made, provided that a wife "shall not be authorized . . .

to make contracts with her husband." Despite this provision, the plaintiffs advance several grounds for treating the contract as valid.

General Laws c. 209, § 2, was amended by St. 1963, c. 765, § 1, so as to authorize contracts between husband and wife. This amendment became effective shortly before the plaintiffs' testatrix died in 1964. The plaintiffs contend that the financial statement indicating a debt of $21,744.39 as of the end of 1964 and the defendant's recognition of its existence constitute an account stated which is a new cause of action enforceable under this amendment.

"An 'account stated' is an acknowledgment of the existing condition of liability between the parties." *Chace* v. *Trafford*, 116 Mass. 529, 532. We assume without deciding that the bill sufficiently alleges facts indicating an acknowledgment by the plaintiffs and either the husband or his executor. Nevertheless, the facts alleged are not sufficient to establish an account stated, because there was no "existing condition of liability" to be acknowledged. An account stated "cannot be made the instrument to create a liability where none before existed, but only determines the amount of a debt where liability exists." *Chase* v. *Chase*, 191 Mass. 556, 562. Prior to the 1963 amendment the husband was not liable to his wife for the "debt." Nor was he liable even after the amendment was adopted, since there is no indication — and the plaintiffs do not so argue — that it was intended to affect preëxisting contracts. See *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5; *Greenaway's Case*, 319 Mass. 121, 123.

The plaintiffs next contend that the contract was ratified after the amendment removed the disability of coverture. A written contract made by a minor, although voidable, may be ratified after he becomes of age. *McDonald* v. *Sargent*, 171 Mass. 492, 493. Similarly, the deed of an insane person is voidable, but it may be confirmed or ratified by the person when of sound mind or by his heirs, devisees, or legal guardian. *Hermanson* v. *Seppala*, 272 Mass. 197. But this is not a case where only one of the parties is under

a disability to contract. Rather it is a situation where neither the husband nor wife could contract with the other. Under the statute a contract between husband and wife has been treated, not as merely voidable, but as "absolutely void." *Kneil* v. *Egleston,* 140 Mass. 202, 203. *Atkins* v. *Atkins,* 195 Mass. 124, 128. *Gahm* v. *Gahm,* 243 Mass. 374, 375. The contract in this case therefore is analogous to one invalid because made on a Sunday, which "was void in its inception and could not be ratified . . . ." *Skinner Irrigation Co.* v. *Burke,* 231 Mass. 555, 556–557.

The plaintiffs argue further that our law has always recognized the right of a wife who has lent some of her separate property to her husband to enforce its return in a suit in equity, coverture notwithstanding. Thus, they contend, the debt was collectible from its inception. This argument is completely answered by *Gahm* v. *Gahm,* 243 Mass. 374. In that case an executrix filed a petition for leave to pay out money to the testator's widow for loans she had made from her separate estate to her husband. The court held that such a contract cannot be enforced against the husband in either law or equity. The court then added at page 376: "There is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property . . . [citations omitted]. But none of these decisions affords ground for the contention that suit can be maintained between husband and wife on a simple contract between them for the payment of money without some circumstance raising equitable considerations." *Remington* v. *Donati,* 325 Mass. 139, is to the same effect.

The plaintiffs' bill fails to set forth "circumstance[s] raising equitable considerations." No fraud, for example, was alleged. Compare *Moreau* v. *Moreau,* 250 Mass. 110. The mere fact that the husband-wife relationship precludes relief at law is not a ground for relief in equity. *Prahl* v. *Prahl,* 335 Mass. 483, 484.

Finally, the plaintiffs press the point, which is related to

that just discussed, that the court had jurisdiction in equity to impress a trust on the debt the husband owed his wife. Despite the allegation in the bill that the husband intended "to hold such moneys in trust" the plaintiffs concede that no express trust existed; they contend, however, that there was an implied or resulting trust. It is true that we have impressed a trust in cases such as *Holmes* v. *Winchester*, 133 Mass. 140, *Atkins* v. *Atkins*, 195 Mass. 124, and *Woodard* v. *Woodard*, 216 Mass. 1. But those cases, unlike the case here, did not deal with a loan from one spouse to another solely in return for a promise to repay. Such a promise is not sufficient to create a trust. As we said in *Woodward* v. *Spurr*, 141 Mass. 283, 286, in circumstances similar to this case, "No sum of money was confided or entrusted to the husband by the wife to be kept as hers, nor did any come to his hands under such circumstances that a trust in relation to it could be implied."

In view of our conclusion that the plaintiffs had no enforceable right against the defendant, we need not consider whether they are entitled to prosecute a late claim under G. L. c. 197, § 10.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*