60 F.3d 824
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 SAUL, EWING, REMICK & SAUL, Plaintiff-Appellee,
v.
Dominick LAROSA; Larosa International Fuel Corporation,
Defendants-Appellants,
and
Catherine LAROSA; Joseph Larosa; Karen Larosa, Defendants.
 No. 94-1282.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1995.
Decided July 13, 1995.
 
 Samuel J. DeBlasis, II, Decaro, Doran, Siciliano, Gallagher, Sonntag & Deblasis, Lanham, MD, for appellants. Price O. Gielen, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, MD, for appellees.
 Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants appeal from the district court's order granting summary judgment for Appellee law firm on its claims for account stated. We affirm the order of the district court, with the modification set forth herein.
 
 
 2
 In February 1991, James C. Stearns joined the law firm of Saul, Ewing, Remick & Saul ("Saul, Ewing"). Dominick LaRosa ("LaRosa"), LaRosa International Fuel Company, Inc., and other LaRosas had been clients of Stearns since August 1986, while Stearns was employed at the law firm of Barnett & Alagia, and later at the firm of Patterson, Belknap, Webb & Tyler. Prior to joining Saul, Ewing, Stearns reviewed the firm's billing rates and methods of representation with LaRosa. Although LaRosa refused to sign a retainer agreement with Saul, Ewing, Stearns continued to represent the LaRosas.
 
 
 3
 On March 25, 1991, Stearns sent Dominick LaRosa an invoice for services rendered to the LaRosas. Stearns sent the invoice to LaRosa's home address, as LaRosa had previously directed and as Stearns had done for several years. Stearns sent another invoice to LaRosa on June 20, 1991. Stearns presented evidence that within a month of each mailing LaRosa acknowledged receipt of these invoices and requested that Stearns not send additional bills until LaRosa could secure the release of money held by the IRS. Both times, Stearns agreed to defer billing for a reasonable time. Although LaRosa denied receipt of the invoices and discussions concerning the invoices, he did not contest that money was owed to Saul, Ewing, nor did he challenge the amounts billed. In May 1992, Saul, Ewing sent Joseph and Dominick LaRosa copies of the March and June 1991 invoices and the final invoice for previously unbilled time. Each month thereafter, Saul, Ewing sent a reminder notice to LaRosa and LaRosa International at LaRosa's home address.
 
 
 4
 In January 1993, Saul, Ewing filed suit against LaRosa International, Dominick LaRosa, and members of the LaRosa family seeking to recover for the unpaid legal services. After discovery, Saul, Ewing moved for partial summary judgment against Dominick LaRosa and LaRosa International under the theory of account stated. The district court granted Saul, Ewing's motion and entered judgment against Dominick LaRosa for $51,510.54 plus prejudgment interest and against LaRosa International for $51,510.54 plus prejudgment interest. After the court dismissed the remaining counts in the complaint, LaRosa and LaRosa International appealed.
 
 
 5
 To prove its claim for account stated, Saul, Ewing had to show that there was a prior transaction between the parties giving rise to indebtedness from one to the other, an account given to the debtor stating the amount of the existing debt, and an express or implied promise to pay the balance. See Baltimore County v. Archway Motors, Inc., 370 A.2d 113, 117-18 (Md.Ct.Spec.App.1977); Wathen v. Pearce, 3 A.2d 486, 491 (Md.1939). "[A] failure within a reasonable time to object to the correctness of a stated sum may be regarded as an admission of liability." Archway Motors, 370 A.2d at 118 (citing Lyell v. Walbach, 75 A. 339, 341 (Md.1909)).
 
 
 6
 We find that Saul, Ewing has established all of the elements of an account stated. Saul, Ewing provided substantial legal services to LaRosa and LaRosa International ("Appellants"). These prior transactions give rise to an indebtedness. Saul, Ewing prepared statements of account for the services provided to the Appellants and mailed these to LaRosa. Also, from May 1992, until the filing of the complaint, Saul, Ewing mailed monthly reminders to LaRosa, setting forth the balance due. Because LaRosa and LaRosa International failed to object to the fact or amount of the liability, continued to request and accept services from Saul, Ewing, and failed to express dissatisfaction with the services or state their intent not to pay the balance on the account, Appellants impliedly assented to the accounts as stated. Miller v. Pyrites Co., Inc., 71 F.2d 804, 810 (4th Cir.), cert. denied, 293 U.S. 604 (1934); Archway Motors, 370 A.2d at 118. We find that Saul, Ewing has proven all elements of its claim of account stated. Appellants' claims that there was no agreement between them and Saul, Ewing, that only Stearns was authorized to provide legal services to them, and that certain work by Stearns was not authorized are not material to recovery under account stated. See Lyell v. Walbach, 75 A. 339, 341 (Md.1909). Appellants' claim that the invoices were not received is insufficient to overcome Saul, Ewing's evidence that the invoices were sent and that monthly reminders stating the amounts due were sent. See Federal Deposit Ins. Corp. v. Schaffer, 731 F.2d 1134, 1137 (4th Cir.1984) (strong presumption of receipt of notice delivered to home in regular course of mail delivery). Because LaRosa and LaRosa International failed to come forward with some evidence to show that summary judgment is not warranted, Fed.R.Civ.P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the district court properly granted summary judgment in favor of Saul, Ewing.
 
 
 7
 Appellants argue and Saul, Ewing concedes that the district court erred in entering separate judgments against both LaRosa and LaRosa International for the full amount of the account stated. Accordingly, we modify the district court order to reflect that the judgment against Appellants is joint and several. After consideration of this case on the briefs at Saul, Ewing's motion, we affirm the district court's order with the modification that Dominick LaRosa and LaRosa International are jointly and severally liable to Saul, Ewing for the judgment in the amount of $51,510.54, plus prejudgment interest in the amount of $7,879.22 for a total judgment of $59,389.76.
 
 AFFIRMED AS MODIFIED